UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 22-4342

(8:21-mj-01961-GLS-1)

UNITED STATES OF AMERICA

      Plaintiff- Appellee

V

SAMANTHA ANGELINA JOHNSON

      Defendant – Appellant

## APPENDIX TO MEMORANDUM OPENING BRIEF

District Court Docket Sheet ............................................................................ 1

Criminal Complaint (July 1, 2021) ............................................................  4

Order  Setting Conditions of Release (July 22, 2021).................................... 8

Government's Motion for Forthwith Arrest Warrant (July 28, 2021)....................... 13

      Attachment A – Notice Of Apparent Violation (**filed under seal**)

      Attachment B- Notice of Apparent Violation (**filed under seal**)

Government's Second Motion for Forthwith ............................................... 16
Arrest Warrant (August 10, 2021)

      Attachment C – Notice Of Apparent Violation (**filed under seal**)

Order Granting Motion for Arrest Warrant (August 12, 2021)....................................19

Defendant's Motion Requesting Quash of Arrest Warrant........................................... 20
And Request for Hearing (August 26, 2021)

Government's Opposition to Defendant's Pro Se .......................................................... 22
Motion  To Quash Arrest Warrant (August 23,2021)

Attachment D (Docket entries, .................................................................... 28
DC Superior Court 2019-CMD-010116)

Attachment E (Gerstein - DC Superior Court)............................................ 60

Order denying Motion to Quash (August 26, 2021) ................................... 62

Defendant's Line (Address and request for hearing) (September 3, 2021)............ 64

Defendant's Motion Requesting Hearing/Recall of
Any Outstanding Warrants, Judicial Review (April 26, 2022).................................. 65

Arrest Warrant (Executed May 4, 2022) .................................................................. 66

Order of Detention (May 6, 2022)............................................................................. 67

Defendant's Objections and Request for Review and Modification of....................... 68
Order of May 6, 2022 (May 13, 2022)

Defendant's Supplement to the Objections and ....................................................... 72
Request for Review (May 17, 2022)

Government's Opposition to Defendant's Request for Review (May 18,2022).......74

Order directing Magistrate Judge to conduct Faretta Hearing (May 24, 2022).......83

Notice of Appeal (June 8, 2022)...............................................................................84

## Filed Under Seal

Attachment A – Notice Of Apparent Violation (ECF #16) ..................................... 85

Attachment B- Notice of Apparent Violation (ECF #17) ......................................... 88

Attachment C – Notice Of Apparent Violation (ECF #24) ............................................91

DC Superior Court Pretrial Services Report of April 8, 2022 (ECF #50) ..................... 95

Addendum to Pretrial Services Report of May 25, 2022 ..................................................99

## Other

Exhibit 1 from May 25, 2022 Hearing – Letter from J. Bostick  (To Be Supplemented)

**8:21-mj-01961-GLS All Defendants** USA v. Johnson
**Date filed:** 07/01/2021
**Date of last filing:** 06/10/2022

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 07/01/2021 | ⬤ Complaint (Sealed) |
| 3 | *Filed & Entered:*<br>*Terminated:* | 07/01/2021<br>07/01/2021 | ⬤ Motion to Seal Case |
| 4 | *Filed & Entered:* | 07/01/2021 | ⬤ Order on Motion to Seal Case |
| 5 | *Filed & Entered:* | 07/07/2021 | ⬤ Financial Affidavit - CJA23 |
| 6 | *Filed & Entered:* | 07/08/2021 | ⬤ Motion to Quash |
| 7 | *Filed & Entered:* | 07/08/2021 | ⬤ Motion to Quash |
| 8 | *Filed & Entered:* | 07/08/2021 | ⬤ Waiver of Initial Appearance |
| 9 | *Filed & Entered:* | 07/08/2021 | ⬤ Response in Opposition |
| 10 | *Filed & Entered:* | 07/09/2021 | ⬤ Order to Unseal Case |
| 11 | *Filed & Entered:* | 07/15/2021 | ⬤ Notice of Attorney Appearance - Defendant |
| | *Filed & Entered:* | 07/20/2021 | ⬤ Notice of Hearing by U.S. Attorneys Office |
| | *Filed & Entered:* | 07/21/2021 | ⬤ Notice of Hearing |
| 12 | *Filed & Entered:* | 07/22/2021 | ⬤ Bond Hearing |
| 13 | *Filed:*<br>*Entered:* | 07/22/2021<br>07/23/2021 | ⬤ Order Setting Conditions of Release |
| 14 | *Filed & Entered:* | 07/28/2021 | ⬤ Review of Release or Detention Order |
| 15 | *Filed & Entered:*<br>*Terminated:* | 07/28/2021<br>07/29/2021 | ⬤ Motion to Seal |
| 16 | *Filed & Entered:* | 07/28/2021 | ⬤ Proposed Sealed Document |
| 17 | *Filed & Entered:* | 07/28/2021 | ⬤ Proposed Sealed Document |
| | *Filed & Entered:* | 07/29/2021 | ⬤ Notice of Hearing by U.S. Attorneys Office |
| 18 | *Filed & Entered:* | 07/29/2021 | ⬤ Order on Motion to Seal |
| 19 | *Filed & Entered:*<br>*Terminated:* | 08/03/2021<br>08/05/2021 | ⬤ Motion to Seal |
| 20 | *Filed & Entered:* | 08/03/2021 | ⬤ Proposed Sealed Document |
| 21 | *Filed & Entered:* | 08/05/2021 | ⬤ Order on Motion to Seal |
| 22 | *Filed & Entered:*<br>*Terminated:* | 08/10/2021<br>08/12/2021 | ⬤ Motion for Warrant |
| 23 | *Filed & Entered:*<br>*Terminated:* | 08/10/2021<br>08/11/2021 | ⬤ Motion to Seal |
| 24 | *Filed & Entered:* | 08/10/2021 | ⬤ Proposed Sealed Document |
| 25 | *Filed & Entered:* | 08/11/2021 | ⬤ Order on Motion to Seal |

istrict of Maryland (CM/ECF Live NextGen 1.6)-History/Document...    https://ecf.mdd.uscourts.gov/cgi-bin/HistDocQry.pl?6714924507452...

| 26 | Filed & Entered: 08/12/2021 | Order on Motion for Warrant |
| 28 | Filed & Entered: 08/13/2021 | Order |
| 29 | Filed & Entered: 08/20/2021 Terminated: 08/26/2021 | Motion for Miscellaneous Relief |
| 30 | Filed & Entered: 08/20/2021 | Sealed Document |
| 31 | Filed & Entered: 08/23/2021 | Response in Opposition |
| 32 | Filed & Entered: 08/26/2021 | Order on Motion for Miscellaneous Relief |
| 33 | Filed & Entered: 08/27/2021 | Sealed Document |
| 34 | Filed: 09/03/2021 Entered: 09/17/2021 | Miscellaneous Correspondence |
| | Filed & Entered: 09/22/2021 | Add and Terminate Attorneys |
| 35 | Filed & Entered: 04/27/2022 | Motion to Quash |
| 36 | Filed & Entered: 05/06/2022 | Notice of Attorney Appearance - USA |
| 39 | Filed: 05/06/2022 Entered: 05/13/2022 | Detention Hearing |
| 40 | Filed: 05/06/2022 Entered: 05/13/2022 | Financial Affidavit - CJA23 |
| 41 | Filed: 05/06/2022 Entered: 05/13/2022 | Order Pursuant to Fed R Crim P 5(f) |
| 42 | Filed: 05/06/2022 Entered: 05/13/2022 | Order |
| 43 | Filed: 05/06/2022 Entered: 05/13/2022 | Order of Detention / Temporary Detention |
| 44 | Filed: 05/06/2022 Entered: 05/13/2022 | Order |
| 45 | Filed: 05/06/2022 Entered: 05/13/2022 | Warrant Returned Executed |
| 37 | Filed & Entered: 05/11/2022 | Notice of Attorney Appearance - Defendant |
| | Filed & Entered: 05/13/2022 | Case Assigned/Reassigned |
| 38 | Filed & Entered: 05/13/2022 | Review of Release or Detention Order |
| 46 | Filed & Entered: 05/16/2022 | Notice of Hearing |
| 47 | Filed & Entered: 05/17/2022 | Supplement |
| 48 | Filed & Entered: 05/18/2022 | Response in Opposition |
| 49 | Filed & Entered: 05/19/2022 | Motion Hearing |
| 50 | Filed & Entered: 05/19/2022 | Sealed Document |
| | Filed & Entered: 05/20/2022 | Notice of Hearing by U.S. Attorneys Office |
| 51 | Filed & Entered: 05/23/2022 | Attorney Appointment Hearing |
| 52 | Filed & Entered: 05/23/2022 | Status Conference |
| | Filed & Entered: 05/24/2022 | Notice of Hearing by U.S. Attorneys Office |
| 53 | Filed & Entered: 05/24/2022 | Notice of Hearing |
| 54 | Filed & Entered: 05/24/2022 | Order |

| 55 | *Filed & Entered:* | 05/25/2022 | ● Miscellaneous Hearing |
|----|----|----|----|
| 56 | *Filed & Entered:* | 05/25/2022 | ● Motion Hearing |
| 57 | *Filed & Entered:* | 05/25/2022 | ● Exhibit List |
| 58 | *Filed:* *Entered:* | 05/25/2022 05/26/2022 | ● Order |
| 59 | *Filed & Entered:* | 06/08/2022 | ● Notice of Appeal - Interlocutory |
| 60 | *Filed & Entered:* | 06/10/2022 | ● Transmission of Notice of Appeal and Docket Sheet to USCA |
| 61 | *Filed & Entered:* | 06/10/2022 | ● USCA Case Number |
| 62 | *Filed & Entered:* | 06/10/2022 | ● USCA Order |

| **PACER Service Center** | | |
|----|----|----|
| **Transaction Receipt** | | |
| 06/12/2022 07:16:06 | | |
| **PACER Login:** | richardlink | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 8:21-mj-01961-GLS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

HRW:USAO #2021R00384 Case 8:21-mj-01961-GLS   Document 1   Filed 07/01/21   Page 1 of 1
AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Maryland

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| SAMANTHA ANGELINA JOHNSON | ) | Case No. | 8:21-mj-1961 TMD |
| | ) | | |
| | ) | | |
| | ) | | |
| *Defendant(s)* | ) | | |

✓ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

4:15 pm, Jul 01 2021

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY TTS_____ Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 18, 2021_____ in the county of _____Prince George's_____ in the
_____ District of _____Maryland_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 1) 18 U.S.C. § 111; 2) 36 C.F.R § 4.2, incorporating § 21-904 of the Maryland Transp. Art.; 3) 36 C.F.R. § 4.2, incorporating §21-901.2 of the Maryland Transp. Art. | 1) Did forcibly assault, resist, impede and interfere with United States Park police officers, and such acts involved physical contact with the victims of that assault, while such officers were engaged in and on account of the performance of official duties; 2) on lands administered by the National Park Service, having been given a visual and audible signal to stop by an officer in a vehicle appropriately marked as an official police vehicle, did willfully fail to stop her vehicle; and 3) on lands administered by the National Park Service, did commit aggressive driving. |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sgt. Anthony Giannino, U.S. Park Police
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: __6/30/2021__

_____
*Judge's signature*

City and state: _____Greenbelt, Maryland_____    Thomas M. DiGirolamo, U.S. Magistrate Judge
*Printed name and title*

4

✓ FILED     ___ ENTERED
___ LOGGED     ___ RECEIVED

4:16 pm, Jul 01 2021

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___TTS___ Deputy

HRW:USAO #2021R00395

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO.   8:21-mj-1961 TMD |
| | * | |
| SAMANTHA ANGELINA JOHNSON, | * | FILED UNDER SEAL |
| | * | |
| Defendant | * | |
| | * | |

*******

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Anthony Giannino, being duly sworn, hereby depose and state as follows:

1.      I make this affidavit in support of a criminal complaint and related arrest warrant

for **SAMANTHA ANGELINA JOHNSON ("JOHNSON")** for violations of 18 U.S.C § 111

(forcibly assaulting, resisting and impeding certain officers); 36 C.F.R § 4.2, incorporating § 21-

904 of the Maryland Transportation Art. (fleeing to elude police); and 36 C.F.R. § 4.2,

incorporating §21-901.2 of the Maryland Transportation Art. (aggressive driving).

2.      I have been a police officer with the United States Park Police for more than 20

years.   My responsibilities include law enforcement on properties administered by the National

Park Service.   The Baltimore-Washington Parkway is in Maryland on lands within the special

maritime and territorial jurisdiction of the United States and administered by the National Park

Service.   This affidavit is based on my personal observations and reports from others.   It is

intended to provide probable cause and does not contain every fact known to me.

3.      On June 18, 2021, at approximately 11:25 a.m., I was assisting another officer

with a crash investigation on the southbound Baltimore Washington Parkway south of Route

202.   We were both in full uniform with U.S. Park police insignia.   We had two of the

southbound lanes closed, and only the left lane was getting by the scene.  A tow truck driver who had been called to the scene called me over and told me that a red Toyota bearing an identified MD tag was driving erratically (the "Toyota").   He said the Toyota was tailgating him as he drove down the shoulder and was trying to pass him.

4.      I looked back and observed the Toyota cut into the left lane of travel, forcing another vehicle to break abruptly.   Traffic was by then stopped in all lanes so that the tow driver could safely load up the crashed vehicle.  As I walked towards the Toyota, the occupants of a black SUV which was in front of the Toyota said "Hey Sarge, she is crazy".   I approached the driver's side window and identified myself to the driver, a black female, later identified as **JOHNSON**.  A second officer, also in uniform, joined me at **JOHNSON**'s Toyota.

5.      I asked **JOHNSON** for her driver's license and registration and **JOHNSON** asked me why.  I told **JOHNSON** I had been advised that she was driving in an unsafe manner. I asked again for **JOHNSON**'s driver's license and registration, and once again **JOHNSON** refused.  **JOHNSON** kept arguing with me and at no time did she show me her license or registration. I told **JOHNSON** again that I needed her driver's license, and that once the road opened, I wanted **JOHNSON** to pull to the shoulder and we could discuss the incident. **JOHNSON** again refused.  I asked **JOHNSON** a few more times to no avail, and **JOHNSON** became irate.

6.      Attempting to de-escalate, I asked **JOHNSON** why she wanted to make this situation into something bigger than it needed to be.  **JOHNSON** asked me what I meant by that.  I told **JOHNSON** that if she did not give me her driver's license, I was going to arrest her for failing to obey a lawful order of a police officer.  **JOHNSON** continued to refuse to comply, and I finally told **JOHNSON** to step out of the Toyota and that she was under arrest.

7.     **JOHNSON** immediately turned her steering wheel hard to the right to get around the black SUV in front of **JOHNSON**, and fled from the stop.  As **JOHNSON** drove away, she struck my right arm and hip area with the driver's side of **JOHNSON**'s Toyota.  **JOHNSON** also struck the other officer's left arm with **JOHNSON**'s passenger side mirror. The tow truck driver was standing in the left lane, and he had to jump out of the way to avoid getting struck.

8.     The other officer got into his fully marked U.S. Park Police cruiser and chased after the Toyota with his lights and siren activated.  I followed moments later in my full-marked police cruiser.  **JOHNSON** refused to stop and continued to flee.  **JOHNSON** took the ramp to New York Avenue at 105 m.p.h. in a posted 45-m.p.h. zone. **JOHNSON** then took New York Avenue into the District of Columbia at 105 m.p.h. in a posted 45-m.p.h. zone and exited at South Dakota passing a 25-m.p.h. zone sign.  As **JOHNSON** fled around the South Dakota Crossing shopping center she was averaging speeds of 40 to 50 m.p.h. in a busy shopping center.

9.     **JOHNSON** left the shopping center and drove back onto city streets and re-entered the northbound Baltimore Washington Parkway.  **JOHNSON** was traveling northbound on the Baltimore Washington Parkway south of route 450 at 120 m.p.h. in a posted 45-m.p.h. zone.  **JOHNSON** continued northbound and existed onto Powder Mill Road.  During the pursuit, **JOHNSON** was weaving in and out of traffic and driving on the shoulder to pass cars in an extremely reckless manner.  **JOHNSON** struck the right side of white Ford F-150 pickup truck while passing it in the area of Route 495. Another vehicle trying to avoid being struck by **JOHNSON**'s Toyota turned onto the shoulder and struck a police cruiser, causing damage to the driver side door and left front fender of the cruiser.

10.     As **JOHNSON** fled on local roads, **JOHNSON** ran a stop sign and a red light and ended up back on the northbound Baltimore Washington Parkway.

7

8:21-mj-1961 TMD

11.    While continuing to drive north on the Baltimore Washington Parkway,

**JOHNSON** repeatedly drove on the shoulder and weaved in and out of traffic. She was traveling

at 115 m.p.h. in a posted 55-m.p.h. zone south of Route 198 and then sped up to 120 m.p.h. in a

posted 55-m.p.h. zone south at route 32.

12.    During the pursuit, my dispatcher sent me a picture of the registered owner of the

Toyota's tag.  I immediately recognized the photograph as **JOHNSON**.  At that time, I ordered

the pursuit be terminated, since I could identify **JOHNSON** as the driver of the red Toyota and

could seek an arrest warrant.   Maryland State Police and Anne Arundel County Police picked up

the pursuit until they lost **JOHNSON** in the area of the Baltimore Harbor Tunnel.

Sgt. Anthony Giannino
United States Park Police

Affidavit submitted by email and attested to me as true and accurate by telephone, consistent
with Fed. R. Crim. P. 4.1 and 4(d) this _30_ day of June, 2021.

Honorable Thomas M. DiGirolamo
United States Magistrate Judge

4

8

Case 8:21-mj-01961-GLS   Document 13   Filed 07/22/21   Page 1 of 4

AO 199A (Rev. 11/08; Rev MD 02/10) Order Setting Conditions of Release                                                    Page 1 of 4

# UNITED STATES DISTRICT COURT

for the
District of Maryland

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| SAMANTHA A. JOHNSON | )   Case No.  21-MJ-01961TMD |
| _____ | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)    The defendant must not violate any federal, state or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if the collection is authorized by
34 U.S.C. § 40702.

(3)    The defendant's residence must be approved by the U.S. Pretrial Services Officer (USPTO) supervising the defendant's
release and the defendant must advise the court, defense counsel, and the U.S. attorney in writing before any change in
address or telephone number.

(4)    The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____
                                                                                                                                              *Place*

_____     on     _____
                                                                                                                *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

☒  (5)  The defendant promises to appear in court as required and surrender to serve any sentence imposed.

☐  (6)  The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of

_____  dollars ($ _____ )

in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably
assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☒  (7)  The defendant is placed in the custody of (name of person or organization):   *Jacquinette Bostick*
at an address approved by the Pretrial Services Office.

The defendant must not change that address without advance approval by the Pretrial Services Office who agrees (a) to
supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's
appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any
condition of release or disappears.

Signed: _____*J. Bostick*_____          _____*7-23-21*_____          _____
          Custodian or Proxy                          Date                          Tel. No (only if above is an organization)

9

199A (Rev. 11/08; Rev MD 02/10) Order Setting Conditions of Release                                    Page  2  of  4

(8)  The defendant must:

☐ (a) report to the
       telephone number _____ no later than _____

☒ (b) report on a regular basis to the supervising officer.  The defendant shall promptly obey all reasonable directions and
       instructions of the supervising officer.

☐ (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated
       property:

☐ (d) post with the court the following proof of ownership of the designated property, or the following amount or percentage of
       the above-described sum

☐ (e) execute a bail bond with solvent sureties in the _____ .

☐ (f) maintain or actively seek employment as approved by the U.S. Pretrial Services Officer.

☐ (g) maintain or commence an education program.

☐ (h) surrender any passport to:

☐ (i) obtain no passport.

☒ (j) abide by the following restrictions on personal association, place of abode, or travel:
       *Reside at residence of third-party custodian*

☒ (k) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the
       investigation or prosecution, including but not limited to:

☒ (l) undergo medical or psychiatric treatment: _____

☐ (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer
       considers necessary.

☒ (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

☐ (o) refrain from  ☐ any  ☐ excessive use of alcohol.

☐ (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless
       prescribed by a licensed medical practitioner.

☐ (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is
       using a prohibited substance.  Any testing may be used with random frequency and include urine testing, the wearing of a
       sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant
       must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any
       prohibited substance testing or monitoring which is (are) required as a condition of release.

☐ (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or
       supervising officer considers it advisable.

☒ (s) participate in one of the following location restriction programs and comply with its requirements as directed.

    ☐ (i) **Curfew.** You are restricted to your residence every day ( ☐ ) from_____to _____, or
           ( ☐ ) as directed by the pretrial services office or supervising officer; or

    ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious
            services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered
            obligations; or

    ☒ (iii) **Home Confinement.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities,
            attorney visits, court appearances, or other activities specifically approved by the court; or *Mental health counselling .*

    ☐ (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home confinement restrictions.
            However, you must comply with the location or travel restrictions as imposed by the court.

    ☐ (v) **Other.**

☐ (t) submit to the following location monitoring technology and comply with its requirements as directed:

    ☐ (i) Location monitoring technology as directed by the pretrial services or supervising officer; or

    ☐ (ii) Voice Recognition/Virtual Monitoring; or

    ☐ (iii) Radio Frequency; or

    ☐ (iv) GPS.

☐ (u) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or
       supervising officer.

10

O 199A (Rev. 11/08; Rev MD 02/10) Order Setting Conditions of Release                                    Page   3   of   4

☐   (v) Refrain from the use of computer systems, Internet-capable devices and/or similar electronic devices at any location
    (including employment or educational program) without the prior written approval of the U.S. Probation or Pretrial
    Services Officer.  The defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of
    compliance with this condition.  Cooperation shall include, but not be limited to, participating in a Computer & Internet
    Monitoring Program, identifying computer systems, Internet-capable devices and/or similar electronic devices the
    defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and
    permitting random, unannounced examinations of computer systems, Internet-capable devices and similar electronic
    devices under the defendant's control.

☒   (w) _The defendant shall not operate a motor vehicle_

☒   (x) _Comply with Federal, state and local directives regarding public health,_
        _including COVID-19_

☒   (y) The defendant ~~shall~~ may drive today directly to Pretrial Services and then
        directly to the residence of the third-party custodian.

11

AQC (Rev. 09/08, MD 02/10) Advice of Penalties                                                                                          Page   4  of  4

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Washington, D.C, 20019
*City and State*

### Directions to the United States Marshal

☑ The defendant is ORDERED released after processing.
☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:   July 22, 2021          _____
                                *Judicial Officer's Signature*

                         Thomas M. DiGirolamo, United States Magistrate Judge
                                _____
                                *Printed name and title*

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 21-mj-1961 |
| SAMANTHA JOHNSON | : | |

oooOooo

## GOVERNMENT'S MOTION FOR FORTHWITH ARREST WARRANT

The United States of America, by and through Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorneys, moves this Honorable Court for a forthwith arrest warrant.  In support of this Motion, the government says:

1.     The defendant has been charged in this case with offenses that include assaulting police officers and fleeing to elude the police.

2.     At the time of the offense on June 18, 2021, the defendant was facing a violation of probation on an assault conviction in the District of Columbia Superior Court.

3.     When this Court released the defendant on July 22, 2021 in the instant case, the Court made clear that it considered the defendant a dangerous person, but was imposing "very strict conditions" to assure the safety of the community and assure the defendant's appearance in court.

4.     The government incorporates in this Motion the narrative in the enclosed Notice of Apparent Violation, filed under seal as Exhibit A.   The Pretrial Services officer makes clear

1

13

that the defendant's third-party custodian is not willing to act in accordance with her responsibilities. The third-party custodian has refused to permit Pretrial Services to enter the residence. She has been completely unresponsive to Pretrial's requests to enter the residence where the defendant is supposed to be living.

5.      The defendant began missing her biometric check-in the day after she was installed on pretrial supervision conditions. She also explicitly told Pretrial Services that she would not comply with instructions pursuant to the Court's order.

6.      The defendant's behavior berating her Pretrial Services officer is completely inappropriate. The officer should not be subjected to such haranguing and verbal abuse.

7.      The Pretrial Services report, filed here under seal as Exhibit B, makes clear that the defendant is not amenable to community supervision. She has six prior assault convictions, despite having completed an anger management program in 2013. She has served at least eight periods of probation and two periods of pretrial diversion. In her most recent District of Columbia case, she refused to enter a mental health program, and that period of probation was closed unsatisfactorily earlier this month.

WHEREFORE, the United States prays this Honorable Court to revoke the defendant's

pretrial release and issue an arrest warrant forthwith.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney for the
 District of Maryland

Hollis Raphael Weisman
Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland   20770
301-344-4029, FAX 301-344-0213
hollis.weisman@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     :

    v.                    :      Criminal No. 21-mj-1961

SAMANTHA JOHNSON       :

oooOooo

## GOVERNMENT'S SECOND MOTION FOR FORTHWITH ARREST WARRANT AFTER THIRD PRETRIAL RELEASE VIOLATION REPORT

The United States of America, by and through Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorneys, moves this Honorable Court for a forthwith arrest warrant, based on the third Pretrial Violation Report filed with this Court today.   In support of this Motion, the government says:

1.     The defendant has been charged in this case with offenses that include assaulting police officers and fleeing to elude the police.

2.     At the time of the offense on June 18, 2021, the defendant was facing a violation of probation on an assault conviction in the District of Columbia Superior Court.

3.     When this Court released the defendant on July 22, 2021 in the instant case, the Court made clear that it considered the defendant a dangerous person, but was imposing "very strict conditions" to assure the safety of the community and assure the defendant's appearance in court.

4.     The government incorporates in this Motion the narrative in the enclosed Notice of Apparent Violation, filed under seal as Exhibit C.   The Pretrial Services officer makes clear

1

16

that the defendant has completely disregarded the pretrial release conditions that this Court has

set.

     5.     The defendant began missing her biometric check-in the day after she was

installed on pretrial supervision conditions.   She has also explicitly told Pretrial Services that

she would not comply with instructions pursuant to the Court's order.

     6.     The defendant's third-party custodian is unable to control the defendant's

behavior.   Although this Court told the defendant she would be on strict conditions of location

monitoring, and although the defendant's Pretrial Services officer has attempted to be flexible

with the defendant's requests, the defendant has repeatedly flouted the requirement that she

adhere to the schedule set by Pretrial Services at the Court's direction.

     6.     The defendant's behavior yelling at and berating her Pretrial Services officer is

completely inappropriate.   The officer should not be subjected to such haranguing and verbal

abuse.   Nor should the Pretrial Services officer have to constantly babysit the defendant.

     7.     The Pretrial Services report makes clear that the defendant is not amenable to

community supervision.   She has six prior assault convictions, despite having completed an

anger management program in 2013.   She has served at least eight periods of probation and two

periods of pretrial diversion.   In her most recent District of Columbia case, she refused to enter a

mental health program, and that period of probation was closed unsatisfactorily earlier this

month.

     8.     Defense counsel has filed documents under seal that the government is not privy

to.   But defense counsel has sent an email indicating that the defendant has fired her.

2

17

WHEREFORE, the United States prays this Honorable Court to revoke the defendant's

pretrial release and issue an arrest warrant forthwith.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney for the
District of Maryland

Hollis Raphael Weisman
Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland  20770
301-344-4029, FAX 301-344-0213
hollis.weisman@usdoj.gov

3

18

WHEREFORE, the United States prays this Honorable Court to revoke the defendant's

pretrial release and issue an arrest warrant forthwith.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney for the
 District of Maryland

_____

Hollis Raphael Weisman
Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland   20770
301-344-4029, FAX 301-344-0213
hollis.weisman@usdoj.gov

MOTION FOR ARREST WARRANT IS
GRANTED.  ARREST WARRANT TO
ISSUE.

*Thomas M. DiGirolamo*     08/11/2021

Thomas M. DiGirolamo
U.S. Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 AUG 20 A II: 48

CLE...
A...

BY

**UNITED STATES OF AMERICA**

v.

Criminal No. 21-MJ-1961

**SAMANTHA JOHNSON**

## DEFENDENTS MOTION REQUESTING QUASH OF "FORTHWITH ARREST WARRANT"
## DEFENDENTS MOTION REQUESTING A HEARING BEFORE THE COURT

    I the defendant Samantha Johnson by and through Pro se representation with respect to the United States Constitution respectfully moves this Honorable court to quash "Forthwith" Arrest Warrant, and schedule a hearing before the courts. In support of this motion, I the Defendant state the following;

1. On Tuesday July 6, 2021 I the defendant contacted the Office of the Federal Public Defender and left a voicemail regarding the theft of my vehicle, and needing assistance with getting it back.
2. On Tuesday July 6, 2021 I received a call back from Attorney Carrie Corcoran, whom stated that she could help me and would file a motion with the courts and get back to me.
3. On July 9, 2021 the defendant was contacted again by Attorney Corcoran informing me that there was no need to come to the court house and that everything would be okay, she stated that she would contact me soon regarding going to pick my vehicle up from the impound lot and any fees that were to be paid.
4. On July 20, 2021 I was contacted by Attorney Corcoran informing me of a mandatory court appearance. Attorney Corcoran provided little to no information regarding the nature of the hearing etc.
5. On July 21, 2021 I the defendant appeared on a zoom call before the United States District Court of Greenbelt MD. I was instructed prior to the hearing by Attorney Corcoran that she would represent me in the hearing and that I did not need to worry.
6. I the defendant attempted numerous times following the hearing to get clarity on what was actually going on in the hearing from Attorney Corcoran. I the defendant had so many concerns and questions that were not being answered.
7. On August 1, 2021 I received communication from Attorney Corcoran informing me of a mandatory hearing scheduled for August 2, 2021.
8. On August 2, 2021 the defendant attempted to address the Court directly regarding all of my questions and concerns. I was informed by the Court to address my issues through counsel.
9. I the defendant expressed to Attorney Corcoran on multiple occasion my discomfort with the proceedings, my lack of clarity on what was going on, my concerns regarding the theft of my vehicle and accountability. I also expressed concerns and my want and need to address "release conditions".
10. I the defendant continued to express concerns regarding release conditions and wanting to speak with the Judge directly. I the defendant do not believe that my issues or concerns were being taken seriously.

DEFENDENTS MOTION REQUESTING QUASH OF "FORTHWITH ARREST WARRANT"
DEFENDENTS MOTION REQUESTING A HEARING BEFORE THE COURT

20

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

11. On August 5, 2021, I received communication from Attorney Corcoran stating that she no longer represented me, and that the Court would send me communication regarding next step.

12. On August 16, 2021 I the defendant responded in writing to a letter from the court. I requested a hearing before the court to address all of my concerns.

13. I the defendant did not knowingly agree to the "imposed" release conditions

14. I the defendant have not violated any release conditions.

15. I the defendant was not notified through writing and or verbally of concerns regarding release conditions or violations or any release conditions.

16. I the defendant requested on numerous occasions to speak directly with the magistrate judge regarding questions and concerns, but was not permitted to do so.

17. I the defendant would like a hearing to address the Court directly.

**WHEREFORE** I the defendant in this matter respectfully request that the forthwith warrant be quashed/recalled and that a hearing be scheduled as soon as possible.

Respectfully

Samantha Johnson
3622 Old Silver Hill Rd 903
Suitland, MD 20746
Melbjohn@gmail.com

DEFENDENTS MOTION REQUESTING QUASH OF "FORTHWITH ARREST WARRANT"
DEFENDENTS MOTION REQUESTING A HEARING BEFORE THE COURT

21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 21-mj-1961 TMD |
| SAMANTHA A. JOHNSON, | : | |
| Defendant | : | |

oooOooo

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTION TO QUASH "FORTHWITH ARREST WARRANT"

The United States of America, by and through Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorneys, opposes the defendant's Motion to Quash Arrest Warrant and to Waive Initial Appearance. The government renews its submission that the defendant is a danger to the public and a flight risk. She is, moreover, likely to pursue a course of contact that makes it impossible for this Court to adjudicate her case. In support of this response in Opposition, the government says:

1.    The facts of this case demonstrate that the defendant is a danger to the public. The case arose out of her egregious behavior on the Baltimore-Washington Parkway, as she approached a traffic collision that slowed and stopped traffic considerably. Motorists were complaining to the Park Police at the scene that the defendant was tailgating and driving recklessly along the shoulder trying to pass other traffic.

2.    The defendant refused to show police her driver's license or to pull over to the side of the road at the officers' direction. When an officer told the defendant she was under

1

arrest, the defendant sped around the vehicle in front of her and took off.   As she fled, the

defendant's car struck the right arm and hip of one officer and the left arm of the other officer.

Despite striking the officers, the defendant did not stop.   A tow truck driver present due to the

earlier collision had to jump out of the way to avoid being struck by the defendant.

      3.     Police tried to stop the defendant, following her with their emergency equipment

activated on their fully marked cruisers.   The defendant still refused to stop.   She fled at 105

miles per hour in a posted 45-m.p.h. zone as she took the ramp to New York Avenue, then

continued driving on city streets in the District of Columbia at 105 miles per hour.   She drove

around a busy shopping center parking lot at speeds of 40 to 50 miles per hour.   She re-entered

the Baltimore-Washington Parkway at 120 miles per hour, then exited onto Powder Mill Road.

During the entire pursuit, the defendant was weaving in and out of traffic and driving on the

shoulder to pass cars in an extremely reckless manner. The defendant struck the right side of

white Ford F-150 pickup truck while passing it in the area of Route 495. Another vehicle trying

to avoid being struck by the defendant's Toyota turned onto the shoulder and struck a police

cruiser, causing damage to the driver side door and left front fender of the cruiser.   While on

local roadways, the defendant ran a stop sign and a red light.

      4.     The defendant was not arrested for this incident.   Once police were satisfied that

they knew who she was, they terminated the pursuit.

      5.     At the time of this offense, the defendant was on probation supervision to the

District of Columbia Superior Court in case # 2019 CMD 010116.   She was found in violation

of probation.   Her District of Columbia probation officer never knew where she lived or how to

reach her.   She gave the District of Columbia Superior Co7urt a District Heights address, but

when officials went to that address, they were told the defendant did not live there.   The

defendant refused to comply with the directions of the D.C. Court or her probation officer in numerous ways: She refused to come to the probation office to be installed on GPS monitoring, and she failed to complete a mental health evaluation and anger management program. The substantive assault arose when the defendant sprayed mace at a librarian who asked her to lower her voice. She then struck him with a book.

6.      Docket entries in that D.C. case show that the defendant engages in a pattern of discharging her attorney of record. Ex. D. As a result, the hearings have to be repeatedly continued. In that case, Superior Court Case Number 2019 CMD 010116, the defendant discharged and obtained new counsel five times: Quo Meiko Judkins, who represented the defendant during the trial at which she was found guilty, entered an appearance on behalf of the defendant on August 2, 2019; Gregory Copeland entered an appearance on January 31, 2020; Howard McEachern entered an appearance March 13, 2020; Stephen Logerfo entered an appearance August 11, 2020, and Shawn Sukumar entered an appearance June 30, 2021.

6.      The defendant's recent history shows that she is a danger to the public.

a.      On June 15, 2021, three days before the incident in this case, the defendant was arrested in the District of Columbia after she struck a flagger at a construction site, first with her car, and then by spraying him with mace. She was charged with assault, leaving after colliding and driving without a license. That case is pending.

b.      On June 19, 2021, the day after the defendant fled in the instant case, she was charged in the District of Columbia with assault on a police officer and unlawful entry.

3

**24**

7.    The defendant also has a lengthy criminal history in the District of Columbia.

    a.    On February 3, 2011, the defendant was convicted of assault on a police officer and sentenced to six months' probation in District of Columbia Superior Court Case #2010 CMD 011264.

    b.    On August 6, 2012, the defendant was charged with throwing missiles, and entered a diversion program.

    c.    On February 14, 2014, the defendant was convicted of assault on a police officer and other assaults and sentenced to one year probation in District of Columbia Superior Court Case #2013 CMD 007948.

    d.    On January 9, 2015, the defendant was convicted of reckless driving and sentenced to 12 months' probation in District of Columbia Superior Court Case #2014 CTF 018802.

    e.    On May 7, 2015, the defendant was charged with driving without a license in District of Columbia Superior Court Case #2015 CTF 007045 and entered a diversion program.

    f.    On May 10, 2016, the defendant was convicted of parental kidnaping and assault and sentenced to nine months' probation in District of Columbia Superior Court Case #2016 DVM 000093.

8.    The defendant also has a criminal history in Maryland.

    a.    On November 27, 2013, the defendant was convicted of failing to obey a lawful order of a police officer and fined in Prince George's County District Court Case #6E00518727.

4

      b.    On August 14, 2020, the defendant was charged with disorderly conduct and failing to obey a lawful order of a police officer in Prince George's County District Court Case # 6E00692187.  That case is pending.

    9.    The defendant also has a history before this Court.

      a.    On January 21, 2016, the defendant pled guilty to speeding and agreed to pay a fine plus costs of $500 in Case #15-po-9359.   Payment has not been made.

      b.    On January 17, 2018, the defendant pled guilty to operating an uninsured vehicle and agreed to pay a fine plus costs of $375.   She made that payment.

    9.    The defendant has demonstrated that she is a violent person and a dangerous driver.   Her criminal history, as well as her behavior in this case, shows that she is unwilling to obey the law.

    10.    Contrary to the defendant's assertion that she has not violated any release conditions, the Preetrial Services Officer has filed numerous violation notices with this Court.

    11.    On the defendant's *pro se* motion, ECF 29, she sets forth an address in Suitland, Maryland.   A condition of her pretrial release is that she reside at 13915 HIghstream Place, Germantown, Maryland, with here third-party custodian. ECF 13.   The Pretrial Services Officer was unaware that the defendant is claiming a new address.

    WHEREFORE, the government submits that the defendant is both a flight risk and danger to the community.   She has demonstrated an overt contempt for the Court's release order.   The defendant's *pro se* Motion to Quash Forthwith Arrest Warrant should be denied.

5

**26**

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney for the
 District of Maryland

_____

Hollis Raphael Weisman
Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland   20770
301-344-4029, FAX 301-344-0213
hollis.weisman@usdoj.gov

6

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 1 of 32

Skip to main content



- Home
- Search
- Results
- Log on

Exhibit D p. 1

Case 8:21-mj-01961-GLS  Document 31-1  Filed 08/23/21  Page 2 of 32

**Party Information**

JOHNSON, SAMANTHA A

- Defendant (Criminal)

| | Disposition |
| --- | --- |
| o | |
| o | Disp Date |
| o | |

Alias

- AKA
  JOHNSON, SAMANTHA A
- AKA
  JOHNSON, SAMMANTHA ANGELINA
- AKA
  JOHNSON, SAMANTHA ANGELINA

**Party Attorney**

- Attorney

SUKUMAR, SHAWN

JOHNSON, SAMANTHA A

- VVCA Payer

| | Disposition |
| --- | --- |
| o | |
| o | Disp Date |
| o | |

Alias

**Party Attorney**

**Docket Information**

**Date**    *Docket Text*

08/02/2019  Charge Filed Charge 1: Simple Assault

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 3 of 32

| <u>Date</u> | *Docket Text* |
| --- | --- |
| 08/02/2019 | Gerstein Affidavit Filed |
| 08/02/2019 | Attorney Appointed Attorney JUDKINS, QUO MIEKO representing Defendant (Criminal) JOHNSON, SAMANTHA A as of 08/02/201 |
| 08/02/2019 | Event Scheduled Event: Arraignment Date: 08/02/2019 Time: 1:00 pm Judge: COURTROOM C-10 Location: Courtroom C-10 |
| 08/02/2019 | CJA Eligibility |
| 08/02/2019 | Pre Trial Report |
| 08/02/2019 | Event Resulted - Release Status: PR.PSA The following event: Arraignment scheduled for 08/02/2019 at 1:00 pm has been resulted as fc Asserted Judge: ARTHUR, ERROL Location: Courtroom C-10 SAMANTHA A JOHNSON (Defendant (Criminal)); Judge ERROL A |
| 08/02/2019 | Event Scheduled Event: Misdemeanor Initial Status Hearing Date: 08/20/2019 Time: 9:30 am Judge: COMM COURT 5D Location: Cou |
| 08/02/2019 | Event Scheduled Event: Misdemeanor Initial Status Hearing Date: 09/20/2019 Time: 9:30 am Judge: COMM COURT 5D Location: Cou |
| 08/02/2019 | Event Resulted - Release Status: The following event: Misdemeanor Initial Status Hearing scheduled for 08/20/2019 at 9:30 am has been COURT 5D Location: Courtroom 111 |
| 08/02/2019 | Release Conditions |
| 08/02/2019 | Pretrial Stay Away Order Filed |
| 09/06/2019 | Notice of Non Compliance |

Exhibit D p. 3

30

Case 8:21-mj-01961-GLS    Document 31-1    Filed 08/23/21    Page 4 of 32

**Date**    *Docket Text*

09/16/2019    Notice of Non Compliance

09/20/2019    Event Scheduled Event: Status Hearing Date: 10/03/2019 Time: 10:00 am Judge: COMM COURT 5D Location: Courtroom 111

09/20/2019    Release Conditions

09/20/2019    Event Resulted - Release Status: Bond remains Personal Recognizance (Pretrial Services). AUSA Gimenez and Schmidt were present. T facilitate a mental health evaluation that could make her eligible for diversion consideration. The case is continued to determine the appr Status Hearing scheduled for 09/20/2019 at 9:30 am has been resulted as follows: Result: Hearing Held Judge: MORRISON III, TRUMA (Defendant (Criminal)); ; QUO MIEKO JUDKINS (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)); Judge 1 COURT 5D

10/02/2019    Notice of Non Compliance

10/03/2019    Event Scheduled Event: Status Hearing Date: 10/16/2019 Time: 10:00 am Judge: COMM COURT 5D Location: Courtroom 111

10/03/2019    Notice to Return to Court Filed Notice to Return to Court Sent on: 10/03/2019 09:51:41.97

10/03/2019    Event Resulted - Release Status:PR PSA. Attorney Judkins indicated that government had previously indicated that defendant was eligib PSO NiKKi Taylor indicated that defendant can go today for assessement. AUSA Tepfer/Jones for the government. The following event been resulted as follows: Result: Hearing Held Judge: ALPRIN, GEOFFREY M Location: Courtroom 111 SAMANTHA A JOHNSON ( on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)); Judge GEOFFREY M ALPRIN on behalf of Judge COMM COURT 5

10/15/2019    Notice of Non Compliance

10/16/2019    Event Scheduled Event: Status Hearing Date: 11/01/2019 Time: 10:00 am Judge: COMM COURT 5D Location: Courtroom 111

Exhibit D p. 4

31

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 5 of 32

**Date**    **Docket Text**

10/16/2019    Release Conditions

10/16/2019    Event Resulted - Release Status: PR PSA. AUSA Jones and Bleiberg present for the government. PSO Smith stated defendant is eligible event: Status Hearing scheduled for 10/16/2019 at 10:00 am has been resulted as follows: Result: Hearing Held Judge: BUSH, ZOE Loc: (Criminal)) ; ; QUO MIEKO JUDKINS (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)); Judge ZOE BUSH

10/30/2019    Notice of Compliance filed

11/01/2019    Notice to Return to Court Filed Notice to Return to Court Sent on: 11/01/2019 10:15:28.94

11/01/2019    Event Scheduled Event: Non-Jury Trial Date: 12/18/2019 Time: 9:30 am Judge: COMM COURT 5D Location: Courtroom 111

11/01/2019    Event Resulted - Release Status: PR-PSA. Attorney Judkins requested trial and consented to standard protective orders. AUSA LEITER at 10:00 am has been resulted as follows: Result: Hearing Held Judge: BUSH, ZOE Location: Courtroom 111 SAMANTHA A JOHNSON (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)); Judge ZOE BUSH on behalf of Judge COMM COURT 5D

12/13/2019    Notice of Compliance filed

12/18/2019    Alert Issued** Local - Misdemeanor FTA issued on: 12/18/2019 For: JOHNSON, SAMANTHA A Bond Amt: NO BOND Alert Conditi

12/18/2019    *Bench Warrant Issued Bench Warrant (D.C. Only) Sent on: 12/18/2019 10:49:58.78

12/18/2019    Event Resulted - Release Status: NA. Bench warrant not issued. Attorney Judkins made no representations. AUSA Chugh/Jones for scheduled for 12/18/2019 at 9:30 am has been resulted as follows: Result: Defendant Failed to Appear Judge: MORRISON III, TRUMA (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)) Participant(s): Judge TRUMAN A MORRISON III on beha

Exhibit D p. 5

32

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 6 of 32

**Date**    *Docket Text*

12/18/2019  Alert Served Local - Misdemeanor FTA served on: 12/18/2019 For: JOHNSON, SAMANTHA A WIN #: T101096118

12/18/2019  Bench Warrant Quashed

12/18/2019  Event Scheduled Event: Bench Warrant Return Hearing Date: 12/18/2019 Time: 2:30 pm Judge: MORRISON III, TRUMAN A Location

12/18/2019  Notice to Return to Court Filed Notice to Return to Court Sent on: 12/18/2019 14:45:48.46

12/18/2019  Event Scheduled Event: Status Hearing Date: 12/19/2019 Time: 11:00 am Judge: COMM COURT 5D Location: Courtroom 111

12/18/2019  Event Resulted - Release Status:PR PSA. Defendant walked in before the lunch recess. Bench warrant was quashed and case was set for warned defendant not to be late again. AUSA Chugh/Bleiberg for the government. The following event: Bench Warrant Return Hearing follows: Result: Hearing Held Judge: MORRISON III, TRUMAN A Location: Courtroom 111 SAMANTHA A JOHNSON (Defendant of Judge COMM COURT 5D

12/19/2019  Notice to Return to Court Filed Notice to Return to Court Sent on: 12/19/2019 11:06:50.79

12/19/2019  Event Scheduled Event: Non-Jury Trial Date: 01/24/2020 Time: 9:30 am Judge: COMM COURT 5D Location: Courtroom 111

12/19/2019  Event Resulted - Release Status:PR PSA. Defendant was present on time. Court set new trial date. AUSA Jones/Clark for the government 12/19/2019 at 11:00 am has been resulted as follows: Result: Hearing Held Judge: MORRISON III, TRUMAN A Location: Courtroom 1 QUO MIEKO JUDKINS (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)); Judge TRUMAN A MORRISON

01/21/2020  Notice of Compliance filed

01/24/2020  Exhibit List Filed Exhibit Summary Sent on: 01/24/2020 10:48:33.54

Exhibit D p. 6

33

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 7 of 32

| Date | Docket Text |
|------|-------------|
| 01/24/2020 | Notice to Return to Court Filed Notice to Return to Court/Pre Sentence Direct Info Sent on: 01/24/2020 12:55:34.52 |
| 01/24/2020 | Report and Sentence Event: Full Report and Sentencing Date: 03/23/2020 Time: 10:30 am Judge: COMM COURT 5D Location: Courtro |
| 01/24/2020 | Report and Sentence Event: Full Report and Sentencing Date: 03/27/2020 Time: 10:30 am Judge: COMM COURT 5D Location: Courtro |
| 01/24/2020 | Notice to Return to Court Filed Notice to Return to Court/Pre Sentence Direct Info Sent on: 01/24/2020 12:58:08.48 |
| 01/24/2020 | Report and Sentence Event: Full Report and Sentencing Date: 03/27/2020 Time: 11:00 am Judge: COMM COURT 5D Location: Courtro |
| 01/24/2020 | Event Resulted - Release Status: AUSA Chugh. Court found the Defendant guilty. Court ordered a pre-sentencing report. Sentencing eve for 01/24/2020 at 9:30 am has been resulted as follows: Result: Trial Held and Completed Judge: CANAN, RUSSELL F Location: Cour (Criminal); ; QUO MIEKO JUDKINS (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)); Judge RUSSELL F |
| 01/24/2020 | Event Resulted - Release Status: The following event: Full Report and Sentencing scheduled for 03/27/2020 at 10:30 am has been resulte COURT 5D Location: Courtroom 215 |
| 01/24/2020 | Event Resulted - Release Status: The following event: Full Report and Sentencing scheduled for 03/23/2020 at 10:30 am has been resulte COURT 5D Location: Courtroom 215 |
| 01/24/2020 | Charge Disposed - Court Trial Guilty |
| 01/24/2020 | Case Disposed - Court Trial Guilty |
| 01/28/2020 | Report and Sentence Event: Full Report and Sentencing Date: 03/27/2020 Time: 11:00 am Judge: COMM COURT 5D Location: Courtro |

Exhibit D p. 7

34

Case 8:21-mj-01961-GLS    Document 31-1    Filed 08/23/21    Page 8 of 32

**Date**    *Docket Text*

01/28/2020  Defendant's Motion for a New Trial Attorney: JUDKINS, QUO MIEKO (501072)

01/28/2020  Motion to Withdraw as Counsel Attorney: JUDKINS, QUO MIEKO (501072)

01/31/2020  Order Granting Defense Motion to Withdraw, Entered on the Docket, Signed in Chambers by Judge Zoe A. Bush for Judge Russell F. Ca

01/31/2020  Attorney /Dismissed Attorney JUDKINS, QUO MIEKO dismissed/withdrawn for JOHNSON, SAMANTHA A on 01/31/2020

01/31/2020  Attorney Appointed Attorney COPELAND, Mr GREGORY W representing Defendant (Criminal) JOHNSON, SAMANTHA A as of 01

01/31/2020  Order Granting Motion Entered on the Docket (see order description dated 1.31.20)

01/31/2020  Defendant's Motion for New Trial. Attorney: PRO SE (999999)

02/11/2020  Defendant's Motion for New Trial Attorney: PRO SE (999999)

02/24/2020  Notice of Non Compliance Attorney: TROTTER, TOSHA (8000007)

03/11/2020  Motion to Withdraw Filed. Attorney: COPELAND, Mr GREGORY W (447104)

03/12/2020  Notice of Non Compliance

03/13/2020  Pre Sentence Report Package

03/13/2020  Order granting defense counsel's motion for leave to withdraw entered on the docket, signed in chambers by Judge Harold L. Cushenberr

Exhibit D p. 8

35

Case 8:21-mj-01961-GLS　Document 31-1　Filed 08/23/21　Page 9 of 32

| Date | Docket Text |
|------|-------------|
| 03/13/2020 | Attorney Dismissed Attorney COPELAND, Mr GREGORY W dismissed/withdrawn for JOHNSON, SAMANTHA A on 03/13/2020 |
| 03/13/2020 | Attorney Appointed Attorney MCEACHERN, HOWARD X representing Defendant (Criminal) JOHNSON, SAMANTHA A as of 03/1: |
| 03/13/2020 | Order Granting Motion Entered on the Docket (see description below dated 03.13.20) |
| 03/13/2020 | Attorney Praecipe Submitted. Attorney: MCEACHERN, HOWARD X (446519) |
| 03/16/2020 | Event Resulted - Release Status: The following event: Full Report and Sentencing scheduled for 03/27/2020 at 11:00 am has been result COURT 5D Location: Courtroom 215 |
| 03/16/2020 | Report and Sentence The following event: Full Report and Sentencing scheduled for 03/27/2020 at 11:00 am has been rescheduled as fol Time: 11:00 am Judge: COMM COURT 5D Location: Courtroom 215 |
| 07/15/2020 | Notice of Non Compliance |
| 07/28/2020 | Event Scheduled Event: Sentencing Date: 08/11/2020 Time: 10:30 am Judge: BECKER, JULIE H Location: Courtroom 218 |
| 07/29/2020 | Order Entered on the Docket (see description below dated 07.29.20) |
| 08/05/2020 | Notice of Compliance filed |
| 08/11/2020 | Event Scheduled Event: Ascertainment of Counsel Date: 08/19/2020 Time: 11:00 am Judge: BECKER, JULIE H Location: Courtroom 2 |
| 08/11/2020 | Event Resulted - Release Status: PR PSA. Judge Wellner presiding. Counsel of record was removed from this matter at the request of the and will contact the defendant to determine how to proceed with sentencing. The defendant acknowledged the new date and time on the r |

Exhibit D p. 9

36

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 10 of 32

| Date | Docket Text |
|---|---|
| | 08/11/2020 at 10:30 am has been resulted as follows: Result: Status, Preliminary or Other Hearing Not Held Judge: BECKER, JULIE H (Defendant (Criminal)); ; HOWARD X MCEACHERN (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)) |
| 08/11/2020 | Order Appointing Counsel Entered on the Docket, Signed in Chambers by Judge Wellner, E-Filed and e-served on USAO and defense cⁱ 08/11/2020. IRM. |
| 08/11/2020 | Order Entered on the Docket (see description below dated 08.11.20) |
| 08/11/2020 | Attorney Appointed Attorney LOGERFO, STEPHEN representing Defendant (Criminal) JOHNSON, SAMANTHA A as of 08/11/2020 |
| 08/11/2020 | Attorney Dismissed Attorney MCEACHERN, HOWARD X dismissed/withdrawn for JOHNSON, SAMANTHA A on 08/11/2020 |
| 08/14/2020 | Notice of Non Compliance |
| 08/15/2020 | Event Resulted - Release Status: The following event: Ascertainment of Counsel scheduled for 08/19/2020 at 11:00 am has been resulted JULIE H Location: Courtroom 218 |
| 08/15/2020 | Event Scheduled The following event: Ascertainment of Counsel scheduled for 08/19/2020 at 11:00 am has been rescheduled as follows: 11:00 am Judge: BECKER, JULIE H Location: Courtroom 218-R |
| 08/18/2020 | Event Resulted - Release Status: The following event: Ascertainment of Counsel scheduled for 08/19/2020 at 11:00 am has been resulted BECKER, JULIE H Location: Courtroom 218-R |
| 08/18/2020 | Event Scheduled The following event: Ascertainment of Counsel scheduled for 08/19/2020 at 11:00 am has been rescheduled as follows: 11:00 am Judge: WELLNER, STEVEN M Location: Courtroom 218-R |

Exhibit D p. 10

37

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 11 of 32

| Date | Docket Text |
| --- | --- |
| 08/19/2020 | Event Scheduled Event: Status Hearing Date: 09/09/2020 Time: 11:00 am Judge: WELLNER, STEVEN M Location: Courtroom 218-R |
| 08/19/2020 | Notice to Return to Court Filed Notice to Return to Court Sent on: 08/19/2020 11:26:35.30 |
| 08/19/2020 | Event Resulted - Release Status: PR PSA - The court did not rule today on the defense Motion for a New Trial. New counsel of record S\ counsel's pending motion. Mr. Logerfo has one week thereafter to file a response. Case cont Logerfo, AUSA S. Nohria and the Defendant Samantha Johnson all appeared via audio. The following event: Ascertainment of Counsel follows: Result: Hearing Held Judge: WELLNER, STEVEN M Location: Courtroom 218-R SAMANTHA A JOHNSON (Defendant (C\ SAMANTHA A JOHNSON (Defendant (Criminal)); Judge STEVEN M WELLNER on behalf of Judge COMM COURT 5D |
| 08/30/2020 | Supplement to Motion for a New Trial Attorney: LOGERFO, STEPHEN (1027752) |
| 09/03/2020 | Government's Opposition to Defendant's Motion for New Trial Attorney: SHERWIN, MICHAEL (4444188) |
| 09/07/2020 | Event Resulted - Release Status: The following event: Full Report and Sentencing scheduled for 10/19/2020 at 9:30 am has been resulted Judge: COMM COURT 5D Location: Courtroom 215 |
| 09/07/2020 | Report and Sentence The following event: Full Report and Sentencing scheduled for 10/19/2020 at 9:30 am has been rescheduled as folle Time: 9:30 am Judge: COMM COURT 5D Location: Courtroom 215 |
| 09/08/2020 | The Defendant's Response to Government's Opposition to Motion for New Trial Attorney: LOGERFO, STEPHEN (1027752) |
| 09/09/2020 | Event Scheduled Event: Sentencing Date: 09/17/2020 Time: 10:00 am Judge: WELLNER, STEVEN M Location: Courtroom 218-R |
| 09/09/2020 | Event Scheduled The following event: Sentencing scheduled for 09/17/2020 at 10:00 am has been rescheduled as follows: Event: Senten STEVEN M Location: Courtroom 218-R |

Exhibit D p. 11

38

| Date | Docket Text |
|------|-------------|
| 09/09/2020 | Notice of Non Compliance |
| 09/09/2020 | Notice of Non Compliance |
| 09/09/2020 | Notice to Return to Court Filed Notice to Return to Court Sent on: 09/09/2020 14:11:25.29 |
| 09/09/2020 | Motion to Withdraw as Counsel. Attorney: LOGERFO, STEPHEN (1027752) |
| 09/10/2020 | Event Resulted - Release Status: PR PSA. This hearing was held via Webex. Judge Wellner presided. AUSA Shalin Nohria appeared by audio. PSA rep Kris Smith appeared by phone. After the courtroom clerk swore the Defendant in, following the Court's questions, the Defendant [...] parties discussed the previously filed motion for a new trial, and the Court denied that motion. After the motion was denied, atty LoGerfo [...] section 23.1-10, which the Government responded cannot be done until sentencing. PSA rep Kris Smith stated that the Defendant has been [...] there. When the Court inquired about the Defendant's availability for a sentencing hearing next week, the Defendant objected to being put [...] participants are put on mute during Webex hearings to prevent audio feedback and other interference. Court then scheduled a sentencing [...] usual verbal warning about the possible consequences of failing to appear for the sentencing hearing, which the Defendant acknowledged [...] event: Status Hearing scheduled for 09/09/2020 at 11:00 am has been resulted as follows: Result: Hearing Held Judge: WELLNER, STE [...] JOHNSON (Defendant (Criminal)); ; STEPHEN LOGERFO (Attorney) on behalf of SAMANTHA A JOHNSON (Defendant (Criminal), COURT 5D |
| 09/11/2020 | Notice of Compliance filed |
| 09/14/2020 | Event Resulted - Release Status: The following event: Sentencing scheduled for 09/16/2020 at 10:00 am has been resulted as follows: Re [...] Location: Courtroom 218-R |
| 09/14/2020 | Event Scheduled The following event: Sentencing scheduled for 09/16/2020 at 10:00 am has been rescheduled as follows: Event: Senten [...] STEVEN M Location: Courtroom 311-R |

Exhibit D p. 12

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 13 of 32

| Date | Docket Text |
|---|---|
| 09/16/2020 | Sentence Sentence for Charge # 1, Simple Assault Sentence Date: 09/16/2020 Confinement Type: Confinement Time: 0 years, 0 months Serve: 0 years, 0 months, 0 days. Due: 09/16/2021 Probation Type: SUPVP, Start Date: , End Date: Probation Mental Health Screening/Evaluation Special Conditions: and/or Anger Management as deemed necessary by CSOSA |
| 09/16/2020 | Case Transferred to Another Judge The judge was changed from COMM COURT 5D to WELLNER, STEVEN M |
| 09/16/2020 | Judgment and Commitment Order Filed Judgment and Probation Order Sent on: 09/16/2020 13:08:23.68 |
| 09/16/2020 | Event Resulted - Release Status: The following event: Sentencing scheduled for 09/16/2020 at 10:30 am has been resulted as follows: Result: Re Courtroom 311-R |
| 09/16/2020 | Event Resulted - Release Status: N/A. Defendant appeared and was sentenced today. AUSA Nohria was present for the defense. Court R appeared via WebEx. The following event: Sentencing scheduled for 09/16/2020 at 10:30 am has been resulted as follows: Result: Heari Courtroom 311-R SAMANTHA A JOHNSON (Defendant (Criminal)); STEPHEN LOGERFO (Attorney) on behalf of SAMANTHA / WELLNER |
| 09/17/2020 | Event Resulted - Release Status: The following event: Full Report and Sentencing scheduled for 03/22/2021 at 9:30 am has been resulted 5D Location: Courtroom 215 |
| 09/17/2020 | Crime Victims Compensation Fund Receipt: 309890 Date: 06/24/2021 |
| 10/05/2020 | Event Scheduled Event: Post Disposition Status Hearing Date: 10/16/2020 Time: 10:00 am Judge: COURTROOM 111 Location: Courtr |
| 10/16/2020 | Event Scheduled Event: Post Disposition Status Hearing Date: 10/30/2020 Time: 9:30 am Judge: COURTROOM 111 Location: Courtro |
| 10/16/2020 | Event Resulted - Release Status: N/A. Judge Nooter presiding. All parties present via WebEx. The defendant was given information on h contact the office and get probation process set-up completed where she resides. An additional hearing has been scheduled, but will be re |

Exhibit D p. 13

40

USCA4 Appeal: 22-4342     Doc: 7     Filed: 06/17/2022     Pg: 43 of 86

| Date | Docket Text |
|---|---|
| | following event: Post Disposition Status Hearing scheduled for 10/16/2020 at 10:00 am has been resulted as follows: Result: Hearing He SAMANTHA A JOHNSON (Defendant (Criminal)) ; STEPHEN LOGERFO (Attorney) on behalf of SAMANTHA A JOHNSON (Def |
| 10/30/2020 | Event Scheduled Event: Post Disposition Status Hearing Date: 11/17/2020 Time: 9:30 am Judge: COURTROOM 112 Location: Courtro |
| 10/30/2020 | Event Resulted - Release Status: PR - Defendant provided an address that was not compliant with CSOSA's guidelines. Case rescheduled transferring case to Maryland. Court will take into consideration Atty Logerfo,s representing the defendant based on the defendant;s mo number to CSOSA rep in court and acknowledged next hearing date of 11/17/2020. AUSA Nohria, Defense Counsel LeGerfo, CSOSA I Clerk: Stallworth and Sweetney. The following event: Post Disposition Status Hearing scheduled for 10/30/2020 at 9:30 am has been res 111 Location: Courtroom 111-R SAMANTHA A JOHNSON (Defendant (Criminal)) ; STEPHEN LOGERFO (Attorney) on behalf of S STEVEN M WELLNER |
| 11/16/2020 | Order entered on the docket vacating the November 17 status hearing, signed by Judge Steven M. Wellner on behalf of CC5D and e-serv |
| 11/16/2020 | Event Resulted - Release Status: The following event: Post Disposition Status Hearing scheduled for 11/17/2020 at 9:30 am has been res COURTROOM 112 Location: Courtroom 112-R |
| 11/16/2020 | Order Granting Motion Entered on the Docket (see description below 11.16.20) |
| 12/02/2020 | Notice of Non Compliance |
| 01/05/2021 | Order entered on the docket discharging the AVR filed on December 2, 2020, signed by Judge Steven M. Wellner on behalf of CC5D an |
| 01/05/2021 | Order Entered on the Docket (see description below 01.05.21) |
| 02/23/2021 | Notice of Non Compliance |

Exhibit D p. 14

41

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 15 of 32

| Date | Docket Text |
|------|-------------|
| 03/04/2021 | Event Scheduled Event: Probation Show Cause Hearing Date: 03/16/2021 Time: 10:30 am Judge: WELLNER, STEVEN M Location: C |
| 03/04/2021 | Event Scheduled Event: Probation Show Cause Hearing Date: 03/18/2021 Time: 3:00 pm Judge: WELLNER, STEVEN M Location: Co |
| 03/04/2021 | Event Resulted - Release Status: The following event: Probation Show Cause Hearing scheduled for 03/16/2021 at 10:30 am has been re WELLNER, STEVEN M Location: Courtroom 311-R |
| 03/05/2021 | Order to show cause entered on the docket, signed by Judge Steven M. Wellner on behalf of CC5D and e-served on all parties on March |
| 03/05/2021 | Order to Show Cause Entered on the Docket |
| 03/18/2021 | Alert Issued** *Probation Violation issued on: 03/18/2021 For: JOHNSON, SAMANTHA A Bond Amt: NO BOND Alert Conditions(s |
| 03/18/2021 | Form Generated: Extraditable Bench Warrant Sent on: 03/18/2021 15:23:45.13 |
| 03/18/2021 | Event Resulted - Release Status: PR. CSOSA indicates the defendant is a loss of contact with probation and the State of Maryland. Their regarding court dates through a Maryland CSO. Defense Counsel does not have representation at this time but raises concerns about asce bench warrant citing noncompliance, and absence from supervision. The court anticipated that the programs made available to the defen however, the defendant FAILED to APPEAR for the hearing. The court explained the current procedure for executing misdemeanor ben warrant that is NOT FORTHW ITH. The court issues an EXTRADITABLE bench warrant, NO BOND. The expectation is that it will be AUSA JOSEPH MISHER COURT REPORTER MAHALIA DAVIS HEARING HELD VIA WEBEX JUDGE STEVEN WELLNER p scheduled for 03/18/2021 at 3:00 pm has been resulted as follows: Result: Defendant Failed to Appear Judge: WELLNER, STEVEN M] on behalf of SAMANTHA A JOHNSON (Defendant (Criminal)) Participant(s): Judge STEVEN M WELLNER |
| 03/19/2021 | Bench Warrant Filed and Forwarded to USM for Service |
| 04/23/2021 | Notice of Non Compliance |

Exhibit D p. 15

42

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 16 of 32

| Date | Docket Text |
|------|-------------|
| 05/07/2021 | Defendant's Motion to Quash Bench Warrant and Set a New Show Cause Hearing Attorney: LOGERFO, STEPHEN (1027752) |
| 05/16/2021 | Event Scheduled Event: Bond Review Hearing Date: 06/02/2021 Time: 2:00 pm Judge: WELLNER, STEVEN M Location: Courtroom 2 |
| 05/16/2021 | Event Scheduled Event: Probation Show Cause Hearing Date: 06/02/2021 Time: 2:00 pm Judge: WELLNER, STEVEN M Location: Co |
| 05/18/2021 | Order Granting in Part Defendant's Motion and Scheduling a Hearing Entered on the Docket signed in chambers by Judge Wellner, and e |
| 05/18/2021 | Order Granting Motion Entered on the Docket (See description below dated 05.18.21) |
| 05/20/2021 | Defendant's Motion for Reconsideration Filed Attorney: LOGERFO, STEPHEN (1027752) |
| 05/24/2021 | Order Granting Defendant's Motion for Reconsideration Entered on the Docket signed in chambers by Judge Wellner, and e-served to all |
| 05/24/2021 | Order Granting Motion Entered on the Docket (see order description dated 5.24.21) |
| 05/25/2021 | Alert Served *Probation Violation served on: 05/25/2021 For: JOHNSON, SAMANTHA A WIN #: E002021 |
| 05/25/2021 | Alert Changed *Probation Violation issued on 03/18/2021 For: JOHNSON, SAMANTHA A was changed on 05/25/2021 08:47:19.45 by |
| 05/26/2021 | Bench Warrant-Executed/Served |
| 06/02/2021 | Event Scheduled Event: Probation Show Cause Hearing Date: 06/29/2021 Time: 12:30 pm Judge: WELLNER, STEVEN M Location: C |
| 06/02/2021 | Event Scheduled Event: Probation Show Cause Hearing Date: 07/29/2021 Time: 12:30 pm Judge: WELLNER, STEVEN M Location: C |

Exhibit D p. 16

43

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 17 of 32

| Date | Docket Text |
|------|-------------|
| 06/02/2021 | Event Resulted - Release Status: The following event: Bond Review Hearing scheduled for 06/02/2021 at 2:00 pm has been resulted as f STEVEN M Location: Courtroom 311-R |
| 06/02/2021 | Event Resulted - Release Status: PR. Judge Wellner presided by video, AUSA Shalin Nohria and CSO Nina Fort appeared by video, atty representations regarding Defendant's lack of compliance with conditions of probation in Maryland, and requested revocation. Defendant not been responsive, and that Maryland probation processes have been unclear. Atty LoGerfo also stated that Defendant has already com Defendant exchanged contact information on the record. Court continued this show cause hearing, scheduled two future hearings, and in: 29 hearing. Defendant received notice to return for both hearings. Court reporter: Kristin Clark. The following event: Probation Show Ca resulted as follows: Result: Hearing Held Judge: WELLNER, STEVEN M Location: Courtroom 311-R SAMANTHA A JOHNSON (De behalf of SAMANTHA A JOHNSON (Defendant (Criminal)), Judge STEVEN M WELLNER |
| 06/02/2021 | Remote Notice to Return to Court Filed Notice to Return to Court Sent on: 06/02/2021 14:44:01.68 |
| 06/02/2021 | Remote Notice to Return to Court Filed Notice to Return to Court Sent on: 06/02/2021 14:45:33.71 |
| 06/17/2021 | Notice of Non Compliance |
| 06/22/2021 | Notice of Non Compliance |
| 06/23/2021 | Event Resulted - Release Status: The following event: Probation Show Cause Hearing scheduled for 06/29/2021 at 12:30 pm has been re WELLNER, STEVEN M Location: Courtroom 218-R |
| 06/23/2021 | Event Scheduled The following event: Probation Show Cause Hearing scheduled for 06/29/2021 at 12:30 pm has been rescheduled as fo 07/01/2021 Time: 3:00 pm Judge: COURTROOM 112 Location: Courtroom 112-R |
| 06/23/2021 | Order to Show Cause Entered on the Docket signed in chambers by Judge Wellner, and e-served to all parties on June 23, 2021. ESL |

Exhibit D p. 17

44

Case 8:21-mj-01961-GLS    Document 31-1    Filed 08/23/21    Page 18 of 32

**Date**    **Docket Text**

06/23/2021  Order to Show Cause Entered on the Docket

06/29/2021  Attorney Retained Attorney SUKUMAR, SHAWN representing Defendant (Criminal) JOHNSON, SAMANTHA A as of 06/29/2021

06/29/2021  Attorney Dismissed Attorney LOGERFO, STEPHEN dismissed/withdrawn for JOHNSON, SAMANTHA A on 06/29/2021

06/29/2021  Notice of Filing: Retained Praecipe Attorney: SUKUMAR, SHAWN (995116)

06/30/2021  Defendant's Motion to Continue Show Cause Hearing Filed. Attorney: SUKUMAR, SHAWN (995116)

06/30/2021  Event Resulted - Release Status: The following event: Probation Show Cause Hearing scheduled for 07/01/2021 at 3:00 pm has been resu COURTROOM 112 Location: Courtroom 112-R

06/30/2021  Event Scheduled Event: Probation Show Cause Hearing Date: 07/15/2021 Time: 11:40 am Judge: COURTROOM 112 Location: Courtro

06/30/2021  Order Granting Motion for Continuance Entered on the Docket, signed by Judge Wellner, and e-served on USAO, defense counsel, and t

06/30/2021  Order Granting Motion Entered on the Docket

07/13/2021  Notice of Non Compliance

07/15/2021  Event Resulted - Release Status: N/A - Defense Counsel stated defendant has made attempts to connect with Lifestride Program and was recommended revocation or termination as unsuccessful due to defendants; noncompliance with all requests. Government requested revo AUSA Shaolin Nohria, Defense Counsel Sean Sukumar, CSOSA Officer Nina Fort, Court Reporter Deb Maren. COURTROOM CLERK WebEx The following event: Probation Show Cause Hearing scheduled for 07/15/2021 at 11:40 am has been resulted as follows: Result: Location: Courtroom 112-R

Exhibit D p. 18

45

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 19 of 32

**Date**   *Docket Text*

07/28/2021  Event Resulted - Release Status: The following event: Probation Show Cause Hearing scheduled for 07/29/2021 at 12:30 pm has been re WELLNER, STEVEN M Location: Courtroom 218-R

07/29/2021  Scheduling Order Entered on the Docket signed in chambers by Judge Wellner, and e-served to all parties on July 29, 2021. ESL.

07/29/2021  Order Entered on the Docket (see order description dated 7.29.21)

**Receipts**

| Receipt Number | Receipt Date | Received From |
|---|---|---|
| **Total** | **Total** | **Total** |
| 309890 | 06/24/2021 | JOHNSON, SAMANTHA A, Defendant (Crimina |

**Financial Docket Information**

| Date | Description |
|---|---|
| **Total** | **Total** |
| 08/02/2019 | Charge Filed |
| 08/02/2019 | Gerstein Affidavit Filed |
| 08/02/2019 | Attorney Appointed/Dismissed |

Exhibit D p. 19

46

Case 8:21-mj-01961-GLS  Document 31-1  Filed 08/23/21  Page 20 of 32

| Date | Description |
|---|---|
| | |
| 08/02/2019 | Event Scheduled |
| 08/02/2019 | CJA Eligibility |
| 08/02/2019 | Pre Trial Report |
| 08/02/2019 | Event Resulted - Release Status: |
| 08/02/2019 | Event Scheduled |
| 08/02/2019 | Event Scheduled |
| 08/02/2019 | Event Resulted - Release Status: |
| 08/02/2019 | Release Conditions |
| 08/02/2019 | Pretrial Stay Away Order Filed |
| 09/06/2019 | Notice of Non Compliance |
| 09/16/2019 | Notice of Non Compliance |
| 09/20/2019 | Event Scheduled |
| 09/20/2019 | Release Conditions |
| 09/20/2019 | Event Resulted - Release Status: |

Exhibit D p. 20

47

Case 8:21-mj-01961-GLS Document 31-1 Filed 08/23/21 Page 21 of 32

| Date | Description |
| --- | --- |
| 10/02/2019 | Notice of Non Compliance |
| 10/03/2019 | Event Scheduled |
| 10/03/2019 | Remote Notice to Return to Court Filed |
| 10/03/2019 | Event Resulted - Release Status: |
| 10/15/2019 | Notice of Non Compliance |
| 10/16/2019 | Event Scheduled |
| 10/16/2019 | Release Conditions |
| 10/16/2019 | Event Resulted - Release Status: |
| 10/30/2019 | Notice of Compliance filed |
| 11/01/2019 | Remote Notice to Return to Court Filed |
| 11/01/2019 | Event Scheduled |
| 11/01/2019 | Protective Order |
| 11/01/2019 | Protective Order |
| 11/01/2019 | Event Resulted - Release Status: |

Exhibit D p. 21

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 22 of 32

| Date | Description |
|------|-------------|
| 12/13/2019 | Notice of Compliance filed |
| 12/18/2019 | Alert Issued** |
| 12/18/2019 | *Bench Warrant Issued |
| 12/18/2019 | WIN Number Received |
| 12/18/2019 | Event Resulted - Release Status: |
| 12/18/2019 | Alert Served |
| 12/18/2019 | Alert Changed |
| 12/18/2019 | Bench Warrant Quashed |
| 12/18/2019 | Event Scheduled |
| 12/18/2019 | Remote Notice to Return to Court Filed |
| 12/18/2019 | Event Scheduled |
| 12/18/2019 | Event Resulted - Release Status: |
| 12/19/2019 | Remote Notice to Return to Court Filed |
| 12/19/2019 | Event Scheduled |

Exhibit D p. 22

49

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 23 of 32

| Date | Description |
|------|-------------|
| 12/19/2019 | Event Resulted - Release Status: |
| 01/08/2020 | WIN Number Received |
| 01/21/2020 | Notice of Compliance filed |
| 01/24/2020 | Exhibit List Filed |
| 01/24/2020 | Remote Notice to Return to Court Filed |
| 01/24/2020 | Report and Sentence |
| 01/24/2020 | Report and Sentence |
| 01/24/2020 | Remote Notice to Return to Court Filed |
| 01/24/2020 | Report and Sentence |
| 01/24/2020 | Event Resulted - Release Status: |
| 01/24/2020 | Event Resulted - Release Status: |
| 01/24/2020 | Event Resulted - Release Status: |
| 01/24/2020 | Charge Disposed - Court Trial Guilty |
| 01/24/2020 | Case Disposed - Court Trial Guilty |

Exhibit D p. 23

50

| Date | Description |
|------|-------------|
| 01/28/2020 | Report and Sentence |
| 01/28/2020 | Motion for a New Trial |
| 01/28/2020 | Motion to Withdraw Filed: |
| 01/31/2020 | Order Granting Motion Entered on the Docket |
| 01/31/2020 | Attorney Appointed/Dismissed |
| 01/31/2020 | Attorney Appointed/Dismissed |
| 01/31/2020 | Order Granting Motion Entered on the Docket |
| 01/31/2020 | Motion Filed: |
| 02/11/2020 | Motion Filed: |
| 02/24/2020 | Notice of Non Compliance |
| 03/11/2020 | Motion to Withdraw Filed: |
| 03/12/2020 | Notice of Non Compliance |
| 03/13/2020 | Pre Sentence Report Package |
| 03/13/2020 | Order Granting Motion Entered on the Docket |

Exhibit D p. 24

51

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 25 of 32

| Date | Description |
| --- | --- |
| 03/13/2020 | Attorney Appointed/Dismissed |
| 03/13/2020 | Attorney Appointed/Dismissed |
| 03/13/2020 | Order Granting Motion Entered on the Docket |
| 03/13/2020 | Attorney Appointed/Dismissed |
| 03/16/2020 | Event Resulted - Release Status: |
| 03/16/2020 | Report and Sentence |
| 06/30/2020 | Court Emergency/Inclement Weather |
| 07/15/2020 | Notice of Non Compliance |
| 07/28/2020 | Event Scheduled |
| 07/29/2020 | Order Entered on the Docket |
| 08/05/2020 | Notice of Compliance filed |
| 08/11/2020 | Event Scheduled |
| 08/11/2020 | Event Resulted - Release Status: |
| 08/11/2020 | Order Entered on the Docket |

Exhibit D p. 25

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 26 of 32

| Date | Description |
|------|-------------|
| 08/11/2020 | Order Entered on the Docket |
| 08/11/2020 | Attorney Appointed/Dismissed |
| 08/11/2020 | Attorney Appointed/Dismissed |
| 08/14/2020 | Notice of Non Compliance |
| 08/15/2020 | Event Resulted - Release Status: |
| 08/15/2020 | Event Scheduled |
| 08/18/2020 | Event Resulted - Release Status: |
| 08/18/2020 | Event Scheduled |
| 08/19/2020 | Event Scheduled |
| 08/19/2020 | Remote Notice to Return to Court Filed |
| 08/19/2020 | Event Resulted - Release Status: |
| 08/30/2020 | Motion for a New Trial |
| 09/03/2020 | Opposition to Motion Filed |
| 09/07/2020 | Event Resulted - Release Status: |

Exhibit D p. 26

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 27 of 32

| Date | Description |
|------|-------------|
| 09/07/2020 | Report and Sentence |
| 09/08/2020 | Response to Motion Filed: |
| 09/09/2020 | Event Scheduled |
| 09/09/2020 | Event Scheduled |
| 09/09/2020 | Notice of Non Compliance |
| 09/09/2020 | Notice of Non Compliance |
| 09/09/2020 | Remote Notice to Return to Court Filed |
| 09/09/2020 | Motion to Withdraw Filed: |
| 09/10/2020 | Event Resulted - Release Status: |
| 09/11/2020 | Notice of Compliance filed |
| 09/14/2020 | Event Resulted - Release Status: |
| 09/14/2020 | Event Scheduled |
| 09/16/2020 | Waiver of Right to be Physically Present |
| 09/16/2020 | Sentence |

Exhibit D p. 27

54

Case 8:21-mj-01961-GLS  Document 31-1  Filed 08/23/21  Page 28 of 32

| Date | Description |
|------|-------------|
| | **Description** |
| 09/16/2020 | Case Transferred to Another Judge |
| 09/16/2020 | Judgment and Commitment Order Filed |
| 09/16/2020 | Event Resulted - Release Status: |
| 09/16/2020 | Event Resulted - Release Status: |
| 09/17/2020 | Event Resulted - Release Status: |
| 10/05/2020 | Event Scheduled |
| 10/16/2020 | Event Scheduled |
| 10/16/2020 | Event Resulted - Release Status: |
| 10/30/2020 | Event Scheduled |
| 10/30/2020 | Event Resulted - Release Status: |
| 11/13/2020 | Status Report |
| 11/16/2020 | Order Entered on the Docket |
| 11/16/2020 | Event Resulted - Release Status: |
| 11/16/2020 | Order Granting Motion Entered on the Docket |

Exhibit D p. 28

55

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 29 of 32

| Date | Description |
|------|-------------|
| 12/02/2020 | Notice of Non Compliance |
| 01/05/2021 | Order Entered on the Docket |
| 01/05/2021 | Order Entered on the Docket |
| 02/23/2021 | Notice of Non Compliance |
| 03/04/2021 | Event Scheduled |
| 03/04/2021 | Event Scheduled |
| 03/04/2021 | Event Resulted - Release Status: |
| 03/05/2021 | Order to Show Cause Entered on the Docket |
| 03/05/2021 | Order to Show Cause Entered on the Docket |
| 03/18/2021 | Alert Issued** |
| 03/18/2021 | Form Generated: |
| 03/18/2021 | Event Resulted - Release Status: |
| 03/19/2021 | Bench Warrant/Routing Slip Filed and Forwarded to USM for Service |
| 04/23/2021 | Notice of Non Compliance |

Exhibit D p. 29

56

Case 8:21-mj-01961-GLS  Document 31-1  Filed 08/23/21  Page 30 of 32

| Date | Description |
|------|-------------|
| 05/07/2021 | Motion to Quash Filed: |
| 05/16/2021 | Event Scheduled |
| 05/16/2021 | Event Scheduled |
| 05/18/2021 | Order Granting Motion Entered on the Docket |
| 05/18/2021 | Order Granting Motion Entered on the Docket |
| 05/20/2021 | Motion for Reconsideration Filed |
| 05/24/2021 | Order Granting Motion Entered on the Docket |
| 05/24/2021 | Order Granting Motion Entered on the Docket |
| 05/25/2021 | Alert Served |
| 05/25/2021 | Alert Changed |
| 05/26/2021 | USMS Fax Transmittal |
| 05/26/2021 | Bench Warrant-Executed/Served |
| 06/02/2021 | Event Scheduled |
| 06/02/2021 | Event Scheduled |

Exhibit D p. 30

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 31 of 32

| Date | Description |
|------|-------------|
| 06/02/2021 | Event Resulted - Release Status: |
| 06/02/2021 | Event Resulted - Release Status: |
| 06/02/2021 | Remote Notice to Return to Court Filed |
| 06/02/2021 | Remote Notice to Return to Court Filed |
| 06/17/2021 | Notice of Non Compliance |
| 06/22/2021 | Notice of Non Compliance |
| 06/23/2021 | Event Resulted - Release Status: |
| 06/23/2021 | Event Scheduled |
| 06/23/2021 | Order to Show Cause Entered on the Docket |
| 06/23/2021 | Order to Show Cause Entered on the Docket |
| 06/29/2021 | Attorney Appointed/Dismissed |
| 06/29/2021 | Attorney Appointed/Dismissed |
| 06/29/2021 | Notice of Filing: |
| 06/30/2021 | Motion Filed: |

Exhibit D p. 31

Case 8:21-mj-01961-GLS   Document 31-1   Filed 08/23/21   Page 32 of 32

| Date | Description |
|---|---|
| 06/30/2021 | Event Resulted - Release Status: |
| 06/30/2021 | Event Scheduled |
| 06/30/2021 | Order Granting Motion Entered on the Docket |
| 06/30/2021 | Order Granting Motion Entered on the Docket |
| 07/13/2021 | Notice of Non Compliance |
| 07/15/2021 | Event Resulted - Release Status: |
| 07/28/2021 | Event Resulted - Release Status: |
| 07/29/2021 | Order Entered on the Docket |
| 07/29/2021 | Order Entered on the Docket |

## Case Disposition

| Disposition | Date |
|---|---|
| Guilty-Court Trial* | 01/24/20 |

eServices provided by equivant
CourtView Justice Solutions Inc. an equivant company. Copyright 2021
13.2.01
WCAG Compliance

Exhibit D p. 32

Case 8:21-mj-01961-GLS   Document 31-2   Filed 08/23/21   Page 1 of 2

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION
### UNITED STATES
### VS
### JONES, ALEXIS
CCN #: 21080124

Arrest Number: 052109548

The event occurred on **06/15/2021** at approximately **15:42** at **1914 WEST VIRGINIA AVENUE NE, WASHINGTON, DC 20002**

---

BWC activated.

This statement of facts is based on my best recollection of events without having the legal authorization to review any associated body-worn camera to assist in writing this statement.

On Tuesday, June 15, 2021 at approximately 1500 hours, Officers Haller and Forrester were operating a marked police scout car 5071, utilizing call sign 5071E during the evening tour of duty, when they were dispatched a call for service at the corner of West Virginia Avenue, Northeast, and Mount Olivet Road Northeast for a report of an assault.

Upon arrival at 1914 West Virginia Ave, Northeast, MPD officers were flagged down by a construction worker (Gist, Christian, DOB: 12/02/1995), hereafter known as Victim-1. V-1 was suffering from discomfort and swelling in his eyes. V-1 reported working in the 1900 Block of West Virginia Avenue Northeast, painting street lines. V-1 advised a black female with dreadlocks, wearing a blue t-shirt and jeans, driving a red Toyota bearing a Maryland license plate 6EK8643, struck him in the left elbow with her passenger side mirror, while he was working in the street.

V-1 reported D-1 got out of her vehicle, was very irate stating "look what you did to my car". D-1 approached V-1 and sprayed Mace into his eyes. V-1 states that, in defense, he started to spray the can of paint he was holding in his hand at D-1. V-1 reports D-1 getting back into her car and leaving the scene without leaving her information.

W-1 reports seeing D-1 hit V-1 with her vehicle. Additionally, W-1 reports D-1 got out of her vehicle to scream at V-1 and spray him in the face with mace. W-1 took a picture of D-1's license plate as she was leaving the scene.

W-2 reports that he witnessed D-1 spray V-1 in the eyes before getting back into her vehicle and driving off.

W-3 reports seeing D-1 hit V-1 with her vehicle, getting out and spraying mace in D-1's eyes. Additionally, W-3 advised that D-1 was calling their business location "making aggressive statements" and saying she "was going to sue".

Officers then received a second call for service, from D-1, who was waiting in the 1000 block of Bladensburg Road, Northeast, wanting to report damage to her vehicle. When Officers Haller and Forrester arrived on scene, they observed a black female with dreadlocks wearing a blue t-shirt and jeans with paint on her face, standing next to a red Toyota bearing a Maryland license plate 6EK8643, with damage to the passenger side view mirror. Officers observed two containers of mace (one pink and one black) sitting on her passenger seat in plain view.

D-1 advised that V-1 was working in the street, "without blocking anything off with cones". D-1 reported that she honked her car horn and accelerated her vehicle to get around V-1. D-1 then stated V-1 took a step backwards and hit her vehicle. D-1 reported V-1 threw a paint can at her car.

D-1 advised that she got out of her vehicle, attempting to take a picture of V-1 because he hit her car. D-1 stated V-1 knocked the phone out of her hands. D-1 reported she then "defended herself" after which V-1 sprayed D-1 with paint. When officers asked D-1 to elaborate what she meant by "defend herself", D-1 responded she could not elaborate because she "did not have a lawyer present".

Officers Haller and Forrester conducted a show-up with V-1 in front of 1000 block of Bladensburg Road Northeast. V-1 was transported by Officer Artinian, operating 5046 utilizing call sign 5043. Officer Artinian advised V-1 to look at the listed location where officers had an individual stopped. V-1 stated "yeah that's her".

Exhibit E p. 1

D-1 was identified verbally as: Johnson, Samantha, black female, DOB: (      8. D-1 verbally identified her home address as               ant PHA.

D-1 was placed under arrest for Leaving after Colliding, Simple Assault and transported to the First District station for processing without incident.

While processing D-1's arrest, a WALES/NCIC check revealed Def-Johnson did not have a valid permit. Def-Johnson was additionally charged with No Permit.

The event and acts described above occurred primarily in the District of Columbia and were committed as described by defendant(s) listed in the case caption.

Subscribed and sworn before me this **06/17/2021**

---

**HALLER, JANINA / (06/17/2021) E-SIGNATURE**

| Police Officer / | Unit | Witness / Deputy Clerk |
|---|---|---|

---

**HALLER, JANINA /**

| Printed Name of Member / | Printed Name of Witness / Deputy Clerk |
|---|---|

The foregoing statement was made under penalty of criminal prosecution and punishment for false statements pursuant to D.C. Code 22-2405

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 AUG 20  A 11: 48

CLERK'S
AT
BY

**UNITED STATES OF AMERICA**

v.

**Criminal No. 21-MJ-1961**

**SAMANTHA JOHNSON**

## DEFENDENTS MOTION REQUESTING QUASH OF "FORTHWITH ARREST WARRANT"
## DEFENDENTS MOTION REQUESTING A HEARING BEFORE THE COURT

    I the defendant Samantha Johnson by and through Pro se representation with respect to the United States Constitution respectfully moves this Honorable court to quash "Forthwith" Arrest Warrant, and schedule a hearing before the courts. In support of this motion, I the Defendant state the following;

1. On Tuesday July 6, 2021 I the defendant contacted the Office of the Federal Public Defender and left a voicemail regarding the theft of my vehicle, and needing assistance with getting it back.
2. On Tuesday July 6, 2021 I received a call back from Attorney Carrie Corcoran, whom stated that she could help me and would file a motion with the courts and get back to me.
3. On July 9, 2021 I the defendant was contacted again by Attorney Corcoran informing me that there was no need to come to the court house and that everything would be okay, she stated that she would contact me soon regarding going to pick my vehicle up from the impound lot and any fees that were to be paid.
4. On July 20, 2021 I was contacted by Attorney Corcoran informing me of a mandatory court appearance. Attorney Corcoran provided little to no information regarding the nature of the hearing etc.
5. On July 21, 2021 I the defendant appeared on a zoom call before the United States District Court of Greenbelt MD. I was instructed prior to the hearing by Attorney Corcoran that she would represent me in the hearing and that I did not need to worry.
6. I the defendant attempted numerous times following the hearing to get clarity on what was actually going on in the hearing from Attorney Corcoran. I the defendant had so many concerns and questions that were not being answered.
7. On August 1, 2021 I received communication from Attorney Corcoran informing me of a mandatory hearing scheduled for August 2, 2021.
8. On August 2, 2021 I the defendant attempted to address the Court directly regarding all of my questions and concerns. I was informed by the Court to address my issues through counsel.
9. I the defendant expressed to Attorney Corcoran on multiple occasion my discomfort with the proceedings, my lack of clarity on what was going on, my concerns regarding the theft of my vehicle and accountability. I also expressed concerns and my want and need to address "release conditions".
10. I the defendant continued to express concerns regarding release conditions and wanting to speak with the Judge directly. I the defendant do not believe that my issues or concerns were being taken seriously.

DEFENDENTS MOTION REQUESTING QUASH OF "FORTHWITH ARREST WARRANT"
DEFENDENTS MOTION REQUESTING A HEARING BEFORE THE COURT

62

Case 8:21-mj-01961-GLS   Document 32   Filed 08/26/21   Page 2 of 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

11. On August 5, 2021, I received communication from Attorney Corcoran stating that she no longer represented me, and that the Court would send me communication regarding next step.

12. On August 16, 2021 I the defendant responded in writing to a letter from the court. I requested a hearing before the court to address all of my concerns.

13. I the defendant did not knowingly agree to the "imposed" release conditions

14. I the defendant have not violated any release conditions.

15. I the defendant was not notified through writing and or verbally of concerns regarding release conditions or violations or any release conditions.

16. I the defendant requested on numerous occasions to speak directly with the magistrate judge regarding questions and concerns, but was not permitted to do so.

17. I the defendant would like a hearing to address the Court directly.

**WHEREFORE** I the defendant in this matter respectfully request that the forthwith warrant be quashed/recalled and that a hearing be scheduled as soon as possible.

Respectfully

Samantha Johnson

DENIED

*Thomas M. DiGirolamo*
Thomas M. DiGirolamo
U.S. Magistrate Judge
August 26, 2021

DEFENDENTS MOTION REQUESTING QUASH OF "FORTHWITH ARREST WARRANT"
DEFENDENTS MOTION REQUESTING A HEARING BEFORE THE COURT

Samantha Johnson

FILED _____ ENTERED
LOGGED _____ RECEIVED

SEP. 03 2021

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

United States District Court
of **MARYLAND**
THOMAS M. DIGIROLAMO
6500 Cherrywood Lane
Greenbelt, Maryland 20770

*AUGUST 17, 2021*

**RE:** United States v. Samantha A. Johnson
Case No. 21-mj-01961-TMD

Dear  Mr. Digirolamo

I am in receipt of your letter dated August 5, 2021. I would like to inform you that my mailing

address is                                          I am requesting a hearing before the

courts at an available date and time that is convenient to the courts, to address the above matter.

Respectfully

Samantha Johnson

Case 8:21-mj-01361-GLS   Document 35   Filed 04/27/22   Page 1 of 1

Samantha Johnson

vs

United States District Court

21-MJ-01961/TMD

USDC GREENBELT
'22 APR 26 AM10:51

Apr, 26, 2022

Motion Requesting
Hearing / Recall of any
outstanding Warrants
Judicial Review

I Samantha Johnson in the
above matter am requesting ~~and is~~
~~requesting~~ a hearing to appear
before the courts in CASE
21-MJ-01961TMD . I AM ALSO
Requesting Judicial Review

Respectfully

Samantha Johnson

~~n~~a@gmail.com

65

Case 8:21-mj-01961-GLS   Document 45   Filed 05/06/22   Page 1 of 1

AO 442 (Rev. 01/09, MD 6/09)  Arrest Warrant

FILED _____ ENTERED
LOGGED _____ RECEIVED

# UNITED STATES DISTRICT COURT

for the

District of Maryland

MAY 6 2022

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

United States of America
v.

SAMANTHA ANGELIA JOHNSON
*Defendant*

)
)
)
)
)

Case No. 21-MJ-1961

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    SAMANTHA ANGELIA JOHNSON    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☒ Pretrial Supervision    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Date:    August 13, 2021

_____
*Issuing officer's signature*

Address:  6500 Cherrywood Lane
Greenbelt, Md. 20770

Thomas M. DiGirolamo, United States Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 08/26/2021 , and the person was arrested on *(date)* 05/04/2022 at *(city and state)* District of Columbia . Date: 05/04/2022 |

_____
*Arresting officer's signature*

Robert M. Blake Dusen
*Printed name and title*

Case 8:21-mj-01961-GLS   Document 43   Filed 05/06/22   Page 1 of 1

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAY 6 2022

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____
DEPUTY

UNITED STATES OF AMERICA               *

vs.                                    *          Case No.  TMD 21-mj-01961-1

Samantha A. Johnson                    *

                                  ******

## ORDER OF DETENTION (18 U.S.C. §§ 3142, 3148)

In accordance with the Bail Reform Act, 18 USC §§ 3142(f), 3148 a bail review hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I:  FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention, or the court may consider ordering detention sua sponte.

☒ (2) The defendant is charged with Violation of Conditions of Release: ___See, e.g., ECF No. 24___

☒ (3) The maximum term of imprisonment, if convicted, is: one year.

☐ (4) Based on the **evidence/proffer** set forth at the hearing, there is probable cause to believe that the defendant has committed a federal, state, or local crime while on release; (Section 3148(b)(1)(A)

☒ (5) Based on the **evidence/proffer** set forth at the hearing, there is clear and convincing evidence that the defendant has violated conditions of release (See #2 above) (Section 3148(b)(1)(B)

☐ (6) Based on the factors set forth in Section 3142(g), I find that there is no condition or combination of conditions will assure that the defendant will not pose a danger to the community. Section 3148(b)(2)(A)

☒ (7) I find that the defendant is unlikely to abide by any condition or combination of conditions of release. Section 3148(b)(2)(B).

### PART II:  WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

Defendant has failed to abide by her conditions of release since July 2021. The Defendant has had no contact with U.S. Probation/Pretrial Services since August 2021. I find that the Defendant refuses to abide by her conditions of release. Thus, detention is appropriate.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

May 6, 2022
Date

The Honorable Gina L. Simms
United States Magistrate Judge

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

V                                                           21-MJ-1961

SAMANTHA JOHNSON

### DEFENDANT'S OBJECTIONS AND REQUEST FOR REVIEW AND MODIFICATION OF THE DETENTION ORDER OF MAY 6, 2022

COMES NOW the Defendant, Samantha Johnson, by and through undersigned counsel, and files these Objections and Request for Review of the Detention Order of May 6, 2022. As grounds therefore, the Defendant states as follows:

1.    In the instant case, the Defendant stands accused of, *inter alia*, two (2) Class A Misdemeanors.

2.    The Defendant appeared for an initial appearance on July 22, 2021 and set forth various conditions of release. (ECF #13)

3.    On May 6, 2022, the Defendant appeared before the Court for a hearing on the Government's Motion for a Warrant to Revoke Conditions of Release. (ECF #22)

4.    Following a hearing, Magistrate Judge Sims entered an oral ruling, requiring that the Defendant be detained and setting this case for a status hearing on June 21, 2022.

5.    Under F.R.Criminal Procedure Rule 59 " a party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to

review."   Furthermore, under 18 USC §1345(b) "If a person is ordered detained by a magistrate

judge, or by a person other than a judge of a court having original jurisdiction over the offense

and other than a Federal appellate court, the person may file, with the court having original

jurisdiction over the offense, a motion for revocation or amendment of the order. The motion

shall be determined promptly."  De novo review is appropriate standard to be applied in district

court to any review of magistrate judge's pretrial detention/release order. *US v Jones*, 804

F.Supp. 49 ( Indiana 1992)

6.     F.R. Criminal Procedure 46 says that the provisions of 18 U.S.C. §§3142 and 3144

govern pretrial release.   The factors for the court to consider in a detention hearing are spelled out

in 18 USC §1342 (g).  The Defendant will address these factors below:

   (1) **The nature and circumstances of the offense.**

In this case, the Defendant is accused of misdemeanor offenses.  The Defendant is not charged

with a serious felony, and this case does not involve any evidence of extreme dangerousness (e.g.

terrorism, firearms, exploitation of a minor, etc.).

   (2) **The weight of the evidence against the person.**

   The Defendant is presumed innocent of the charges against her.

   (3) **The history and characteristics of the person.**

-The Defendant is a lifelong residence of the Washington, DC area.

-During the pendency of this case, the Defendant has written and filed Motions with this Court in

an attempt to schedule a hearing since the time her prior counsel withdrew from the case (ECF

#29, 34,35).

The Defendant is facing charges in DC Superior Court and has been compliant with the terms of her pretrial release in that jurisdiction.

**(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.**

Although the Defendant has a prior record involving several misdemeanor charges, there is no evidence that the Defendant has committed a new offense while on pretrial release in this case (approximately 10 months).

7.    The law generally favors releasing an accused person on pretrial release. Historically, the purpose of bail was to ensure that the accused will reappear for court at a given time. *Cohen v US*, 82 SCt 527 (1962) ; *US v Foster*, 278 Fd 567 (2d Cir. 1960)  Under federal law, the accused is generally afforded the right to be free on bail for a noncapital offense so as to be able to prepare for the defense of a charge and to prevent punishment prior to conviction. *Stack v Boyle*, 72 SCt 1 (1951)   Detaining the Defendant pending trial is not the least restrictive arrangement  as mandated by 18 USC §1342(c)(1)(B).  Indeed, it would greatly facilitate the defense of the instant case if the Defendant were not detained.  Also, the Defendant wants the Court to be aware that she has other urgent matters which require her attention.  For example, there is a pending landlord tenant case where the Defendant is facing eviction. The Defendant cannot afford counsel and she will be evicted unless she is released.

8.    In light of the foregoing, the Defendant requests that the Court grant these Objections and that the Court modify the terms of her release so that she can be released from custody.

70

WHEREFORE, the premises considered, the Defendant prays:

A. That the conditions of release be reviewed.

B. That the Court modify the pretrial conditions of release such that the Defendant be released from custody.

C. And for such other and further relief as this Court deems just and proper.

        ___/s/ Richard J. Link____
RICHARD J. LINK, #24465
Attorney(s) for Defendant
77 S Washington Street, Suite 307
Rockville, MD 20850
240-453-9191
rlinklaw@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically mailed, this 13th day of May, 2022 to:

Ellen Nazmy, AUSA
Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770
ellen.nazmy@usdoj.gov

        ___/s/ Richard J. Link_____
RICHARD J. LINK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

V                                                    21-MJ-1961

SAMANTHA JOHNSON

## DEFENDANT'S SUPPLEMENT TO THE OBJECTIONS AND REQUEST FOR REVIEW AND MODIFICATION OF THE DETENTION ORDER OF MAY 6, 2022

COMES NOW the Defendant, Samantha Johnson, by and through undersigned counsel, and files this Supplement to the Objections and Request for Review of the Detention Order of May 6, 2022. As grounds therefore, the Defendant states as follow

1.      On May 6, 2022, Magistrate Judge Simms entered an Order, detaining the Defendant pending trial. (ECF #43)

2.      On May 13, 2022, the Defendant filed Objections to the Detention Order. (ECF #38) The Court has scheduled this matter for a hearing on May 19, 2022 at 2:00 pm before Judge Xinis. (ECF #46)

3.      The Government maintains that the Defendant violated the Order of Conditions of Release. (ECF #13) Specifically, the Government has filed pleadings stating (in part) that the Defendant missed various "biometric check-ins" and/or that the Defendant violated "electronic monitoring". (ECF #14, 22, 26)

4.      The June 22, 2021 Order Setting Conditions of Release does not clearly provide for location monitoring or GPS (paragraph 7(t)). (Exhibit A) Therefore, the Government should not be able to rely upon evidence of any alleged violation of biometric check-ins and/or location monitoring. The Order does not provide proper notice to the Defendant. Furthermore, the Defendant cannot be found to violate a term that does not exist.

5.     The Defendant has been pro se since the public defender withdrew from representation in

August/September 2021. Defendant's understanding is that she was to wait to hear from the Court.

6.     The Magistrate Judge erred in finding that the Defendant violated the terms of her release.

Assuming *arguendo* that there is evidence of a violation of the terms of release, the Court erred in

ordering that the Defendant be detained pending trial.  The Defendant is not a flight risk.


          __/s/ Richard J. Link____
          RICHARD J. LINK, #24465
          Attorney(s) for Defendant
          77 S Washington Street, Suite 307
          Rockville, MD 20850
          240-453-9191
          rlinklaw@comcast.net


## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that a copy of the foregoing was electronically mailed, this 17th day
of May, 2022 to:

Ellen Nazmy, AUSA
Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770
ellen.nazmy@usdoj.gov


          __/s/ Richard J. Link____
          RICHARD J. LINK

## 0IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 21-mj-1961 TMD |
| SAMANTHA A. JOHNSON, | : | |
| Defendant | : | |

oooOooo

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR REVIEW AND MODIFICATION OF DETENTION ORDER OF MAY 6, 2022

The United States of America, by and through Erek L. Barron, United States Attorney for the District of Maryland, and Hollis Raphael Weisman and Ellen Nazmy, Assistant United States Attorneys, opposes the defendant's Request for Review and Modification of Detention Order of May 6, 2022 (ECF 38) . The defendant was ordered detained on May 6, 2022 by Magistrate Judge Gina L. Simms after having been found to have violated her conditions of pretrial release. The government submits that the defendant is both a danger to the public and a flight risk, and pretrial detention is appropriate.

*BACKGROUND*

*A.    Statement of the Case*

The defendant was charged by criminal complaint, signed June 30, 2021, with assault on a police officer, fleeing to elude the police, and aggressive driving. The assault charge is a class A misdemeanor. The other two charges are class B misdemeanors.

According to the affidavit, the case arose out of the defendant's egregious behavior on June 18, 2021 on the Baltimore-Washington Parkway. The defendant was driving and entered an area where a traffic collision had created stop-and-go traffic conditions. The defendant chose

1

to drive recklessly, tailgating other traffic and trying to pass traffic by driving along the shoulder. In fact, motorists verbally complained to the Park Police, who already were on scene for the original crash.   One of the complainants was driving an emergency vehicle, a tow truck .   The tow truck driver told police that the defendant was tailgating his vehicle while he was driving on the shoulder to get to the scene of the emergency.

Police walked over to the area where the defendant had been forced to stop because the crashed vehicle was being towed off the highway.   As they approached, police saw the defendant make an unsafe, sudden lane change, forcing the vehicle already there to break sharply.   When a police officer asked the defendant for her license and registration, the defendant refused to produce them.

After numerous attempts to de-escalate the situation, the officer finally told the defendant she was under arrest.   In response, the defendant sped around the vehicle in front of her and took off.   As she fled, the defendant's car struck the right arm and hip of one officer and the left arm of the other officer. Despite striking the officers, the defendant did not stop.   The tow truck driver had to jump out of the way to avoid being struck by the defendant.

Police tried to stop the defendant, following her with their emergency equipment activated on their fully marked cruisers.   The defendant still refused to stop.   She fled at 105 miles per hour in a posted 45-m.p.h. zone as she took the ramp to New York Avenue, then continued driving on city streets in the District of Columbia at 105 miles per hour.   She drove around a busy shopping center parking lot at speeds of 40 to 50 miles per hour.   She re-entered the Baltimore-Washington Parkway at 120 miles per hour, then exited onto Powder Mill Road. During the entire pursuit, the defendant was weaving in and out of traffic and driving on the shoulder to pass cars in an extremely reckless manner. The defendant struck the right side of

white Ford F-150 pickup truck while passing it in the area of Route 495. Another vehicle trying

to avoid being struck by the defendant's Toyota turned onto the shoulder and struck a police

cruiser, causing damage to the driver side door and left front fender of the cruiser.   While on

local roadways, the defendant ran a stop sign and a red light.

The defendant was not arrested for this incident.   Once police were satisfied that they

knew who she was, they terminated the pursuit.

**B.    *Defendant's repeated failure to comply with release conditions***

The defendant had her first appearance on the complaint before Judge Thomas M.

DiGirolamo on July 22, 2021.   Although the government moved for pretrial detention and the

Pretrial Services report recommended detention, the magistrate judge ordered the defendant's

release, subject to conditions.   (ECF 13.)

Three days later, Pretrial Services filed its first Notice of Apparent Violation.   Dated

July 26, 2021, the notice detailed how the defendant and had been completely uncooperative

with the Pretrial Services officer and made it impossible for PTS to supervise the defendant.

(Attachment A.)

Before the Court had the opportunity to take action on the first Notice of Apparent

Violation, Pretrial Services filed the second one.   Dated August 2, 2021, it alleged that the

defendant, continuing her pattern of non-cooperation, had also violated the location monitoring

rules, including turning off the location monitoring functions on her phone, submitting check-ins

with a blacked-out photo, and being late. (Attachment B.)

Magistrate Judge DiGiorlamo held a virtual bail review hearing that same day in which

he told the defendant, that if another violation occurred, "I will lock you up. . . .   I am not

fooling around."   He did not, however, revoke the defendant's pretrial release at that time.

But that did not end the issue.   A week later, on August 9, 2021, Pretrial filed a third

violation notice charging that the defendant repeatedly violated the location monitoring

conditions.   (Attachment C.)   At the request of the government, on August 13, 2021, the

magistrate judge issued a warrant for the defendant's arrest.   (ECF 27.)   By then, Pretrial

Services had no idea of the defendant's whereabouts.

On May 6, 2022, the defendant appeared before Magistrate Judge Simms, having been

arrested in the District of Columbia and brought to Maryland by the United States Marshals.

Judge Simms issued an order of detention (ECF 43), based upon a finding that the defendant had

violated her release conditions.   The defendant now asks this Court to release her pending trial.

On the date of these offenses, June 18, 2021, the defendant was on probation supervision

to the District of Columbia Superior Court in case # 2019 CMD 010116.   That charge of

conviction was assault, which occurred when the defendant sprayed mace at a librarian who

asked her to lower her voice inside a public library.   The defendant then struck the librarian with

a book.   That case was closed July 15, 2021, almost a month after the instant case, with a

finding that the defendant's probation was unsuccessful.   (Attachment D.)

**C.    *Defendant's criminal history***

The defendant's recent history shows that she is a danger to the public:

On June 15, 2021, three days before the incident in this case, the defendant was arrested

in the District of Columbia after she struck a flagger at a construction site, first with her car, and

then by spraying him with mace.   She was charged with assault, leaving after colliding and

driving without a license.   That case, 2021 CMD 003883, is pending in Superior Court. The next

hearing is set for July 12, 2022.

The defendant also has a lengthy criminal history in the District of Columbia.

1) On February 3, 2011, the defendant was convicted of assault on a police officer and sentenced to six months' probation in District of Columbia Superior Court Case #2010 CMD 011264.

2) On August 6, 2012, the defendant was charged with throwing missiles, and entered a diversion program.

3) On February 14, 2014, the defendant was convicted of assault on a police officer and other assaults and sentenced to one year probation in District of Columbia Superior Court Case #2013 CMD 007948.

4) On January 9, 2015, the defendant was convicted of reckless driving and sentenced to 12 months' probation in District of Columbia Superior Court Case #2014 CTF 018802.

5) On May 7, 2015, the defendant was charged with driving without a license in District of Columbia Superior Court Case #2015 CTF 007045 and entered a diversion program.

6) On May 10, 2016, the defendant was convicted of parental kidnaping and assault and sentenced to nine months' probation in District of Columbia Superior Court Case #2016 DVM 000093.

The defendant also has a criminal history in Maryland.

7) On November 27, 2013, the defendant was convicted of failing to obey a lawful order of a police officer and fined in Prince George's County District Court Case #6E00518727.

8)      On August 14, 2020, the defendant was charged with disorderly conduct
and failing to obey a lawful order of a police officer in Prince George's County District Court
Case # 6E00692187.   That case is pending.

The defendant also has a history before this Court.

9)      On January 21, 2016, the defendant pled guilty to speeding and agreed to
pay a fine plus costs of $500 in Case #15-po-9359.   Payment has not been made.

10)      On January 17, 2018, the defendant pled guilty to operating an uninsured
vehicle and agreed to pay a fine plus costs of $375.   She made that payment.

The defendant has demonstrated that she is a violent person and a dangerous driver.   Her
criminal history, as well as her behavior in this case, shows that she is unwilling to obey the law.

***STANDARD OF REVIEW***

This Court reviews the magistrate judge's detention order *de novo*.   *United States v. White*,
Crim. No. PWG-13-0436, 2015 WL 2374229 at *2 (D. Md. May 15, 2015); citing *United States
v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989).

The Government may properly proceed by proffer at a detention hearing.   *See United
States v. White*, 2015 WL 2374229, at *2 (D. Md. May 15, 2015) ("[N]umerous federal circuits
have held that evidence proffers by the Government may be adequate for a detention order, and

that has been the consistent practice in this Court for many years." (citing cases)).

## ARGUMENT

**1.** **The defendant's pretrial detention is appropriate under 18 U.S.C. § 3148, having been found to have violated a release condition.**

The detention order in this case derives from a finding already made by Magistrate Judge Simms that the defendant violated the release orders originally filed in this case. The appropriate authority, therefore, is 18 U.S.C. § 3148, which says: "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." This Court has said, "Where, as here, a condition of pretrial release has been violated, revocation of a release order proceeds not under the initial release provisions of the statute, 18 U.S.C. § 3142, but under 18 U.S.C. § 3148, which sets forth markedly different standards for detention." *United States v. White,* 2015 WL 2374229, at *3.

The statute provides that after the hearing on violation of release conditions, the judicial officer "shall enter an order of revocation" if the judicial officer finds "clear and convincing evidence" that the defendant has violated a condition of release and "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Use of the word "shall" makes clear that if the Court makes these findings by clear and convincing evidence, detention results.

The defendant's citation to 18 U.S.C. §§ 3142 and 3144, therefore, is wrong. (ECF 38, ¶ 6.) Moreover, the defendant's allegation that the release order did not allow for biometric check-ins is likewise wrong. (ECF 46, ¶ 4.) The release order, signed July 22, 2021 by the defendant and agreed to by the defendant in open court, advised her, "You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities, attorney visits, court appearances or mental health counselling." (ECF 13, ¶ (8)(s)(iii).) The release order also required the defendant to "report on a regular basis to the supervising officer. The defendant shall promptly obey all reasonable directions and instructions of the supervising officer." (ECF 13, ¶ (8)(b).)

Magistrate Judge Simms made exactly the required findings when she found that the defendant violated her original release conditions. This Court should do likewise. The reports filed by Pretrial Services make clear that the defendant deliberately, repeatedly and flagrantly refused to cooperate with the release orders and the instructions of Pretrial Services to enforce the court's release orders. Her conduct persisted even though Magistrate Judge DiGirolamo had given her a break after the first and second violation reports were filed. He had admonished the defendant on July 22, 2021 and again on August 2, 2021, but permitted her to remain on release conditions. She has demonstrated by her subsequent conduct that she has no intention of abiding by any release conditions.

## CONCLUSION

For the reasons set forth in this Memorandum, the Court should deny the Defendant's motion for pretrial release.

Respectfully submitted,

Erek L. Barron
United States Attorney for the
 District of Maryland

Ellen Nazmy
Assistant United States Attorney

_____
Hollis Raphael Weisman
Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland   20770
301-344-4029, FAX 301-344-0213
hollis.weisman@usdoj.gov



    ✓ FILED    ____ ENTERED
    ____ LOGGED    ____ RECEIVED

**2:39 pm, May 24 2022**

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ jci _____ Deputy

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF

Paula Xinis
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane
Greenbelt, MD 20770
(301) 344-0653

May 24, 2022

Re: 21-mj-1961-GLS, *United States v. Samantha Johnson*

## LETTER ORDER

Dear Counsel,

Presently pending before the Court is Defendant Samantha Johnson's appeal of an Order of Detention. ECF No. 38. A hearing on this motion is presently scheduled for May 25, 2022.

Ms. Johnson is currently represented by court-appointed attorney, Richard J. Link. However, Ms. Johnson has expressed the desire to represent herself going forward. This Court will not proceed with the hearing that concerns Ms. Johnson's continued detention until the question of self-representation is resolved. Accordingly, and pursuant to 28 U.S.C. § 636(b), the Court hereby **refers** the matter to United States Magistrate Judge, Gina L. Simms, to conduct a hearing pursuant to *Faretta v. California*, 422 U.S. 806, 819 (1975).

Despite the informal nature of this correspondence, it constitutes an ORDER of the Court and shall be docketed as such.

Sincerely,

_____/S/_____
PAULA XINIS
United States District Judge

---

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

V                                                    21-MJ-01961

SAMANTHA JOHNSON

### DEFENDANT'S NOTICE OF APPEAL

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, the Defendant,

Samantha Johnson, through undersigned counsel, hereby appeals to the United States Court of

Appeals for the Fourth Circuit from the Order entered in this case on May 25, 2022 (Dkt #56)

which affirmed the decision of the Magistrate Judge and ordered the Defendant to be detained

pending the trial date.

                              /s/ Richard J. Link
                              RICHARD J. LINK, #244655
                              Counsel for Defendant
                              77 S. Washington Street, #307
                              Rockville, MD 20850
                              (240) 453-9191
                              rlinklaw@comcast.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 8th day of June, 2022, a copy of the foregoing was served
via CM/ECF to Hollis Weisman and Ellen Nazmy, United States Attorneys, 6406 Ivy Lane, Suite
800, Greenbelt, MD 20770, Greenbelt, MD 20770.

                              /s/ Richard J. Link
                              RICHARD J. LINK